**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | |

**DEBTOR'S MOTION FOR AN ORDER (I) SCHEDULING EXPEDITED
HEARINGS ON CERTAIN FIRST DAY MOTIONS AND APPLICATIONS
AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Volunteer Energy Services, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9073-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for Southern District of Ohio (the "Local Rules"), and *General Order 30-4*, entered on February 24, 2021 (the "General Order"): (a) scheduling expedited hearings on certain first day motions and applications; and (b) approving the form and manner of notice thereof. The Debtor proposes that such expedited hearings be held on **Tuesday, March 29, 2022.** A proposed *Notice of Expedited Hearings on First Day Motions* (the "Hearing Notice") is attached hereto as **Exhibit B**.

In support of this Motion, the Debtor relies upon the *Declaration of David Warner in Support of the Chapter 11 Petition and First Day Pleadings* (Doc. 26) (the "First Day Declaration"),[2] and respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered in this District.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code section 105(a), Local Rule 9073-1, the General Order, and the Procedures for Complex Chapter 11 Cases (the "Complex 11 Procedures") implemented thereby.

## BACKGROUND

4. The Debtor is a supplier of retail electricity and natural gas to approximately 212,000 commercial, industrial, and residential customers across Ohio, Michigan, Pennsylvania, and Kentucky.

5. On March 25, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in this Chapter 11 Case.

8. A description of the Debtor's business operations, capital structure, and circumstances leading to the chapter 11 filing is set forth in the First Day Declaration, which the Debtor incorporates herein by reference.

9. On or after the Petition Date, the Debtor filed a number of motions and applications in the Chapter 11 Case that require expedited relief, including the following (collectively, the "First Day Motions"):

a. *Debtor's Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* (Doc. 15) (the "Case Management Motion");

b. *Debtor's Motion for Entry of Order Designating David Warner as Responsible Person pursuant to Local Bankruptcy Rule 1074-1 and Notice Thereof* (Doc. 16) (the "Responsible Person Motion");

c. *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Maintain and Operate Its Existing Cash Management System, (B) Honor Certain Prepetition Obligations, and (C) Maintain Existing Business Forms, and (II) Granting Related Relief* (Docs. 17 and 18) (the "Cash Management Motion");[3]

d. *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Pay Prepetition Reimbursable Expenses, Benefits, and Related Items and (B) Honor and Continue Certain Prepetition Practices; (II) Authorizing Banks and Other Financial Institutions to Honor Checks and Electronic Transfer Requests Related to the Foregoing; and (III) Granting Related Relief* (Doc. 19) (the "Employee Benefits Motion");

e. *Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to (A) Pay Its Obligations Under Prepetition Insurance Policies and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage in the Ordinary Course; (II) Authorizing Banks and Other Financial Institutions to Honor Checks and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief* (Doc. 20) (the "Insurance Motion");

f. *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Payment of Certain Prepetition Taxes and Fees and (II) Granting Related Relief* (Doc. 21) (the "Tax Motion");

g. *Debtor's Motion for Entry of an Order Extending the Deadline to file Schedules and Statement of Financial Affairs* (Doc. 22) (the "Schedules Motion");

h. *Debtor's Motion for Entry of Interim and Final Orders (I) Approving Proposed Adequate Assurance of Payment for Future Utility Services, (II) Approving Proposed Procedures for Resolving Adequate Assurance Requests, (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief* (Doc. 23) (the "Utilities Motion");

---

[3] Exhibit C to the Cash Management Motion was inadvertently excluded from the copy of the Cash Management Motion filed with the Court. The Debtor separately filed a copy of Exhibit C to the Cash Management Motion (*see* Doc. 18). The Debtor will serve the Cash Management Motion with Exhibit C attached.

i. *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Epiq Corporate Restructuring LLC as Claims and Noticing Agent Effective as of the Petition Date* (Doc. 24) (the "Epiq Application");

j. *Debtor's Motion for Entry of an Order (I) Authorizing the Debtors Claims and Noticing Agent to Maintain the Creditor List In Lieu of Filing the Creditor List and Mailing Matrix; and (II) Granting Related Relief* (Doc. 28) (the "Creditor Matrix Motion");

k. *Debtor's Amended Emergency Motion for Entry of an Order (I) Authorizing the Debtor to Implement Procedures for Notifying Customers of the Commencement of the Debtor's Case and (II) Granting Related Relief* (Doc. 32) (the "Customer Notice Motion"); and

l. *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to the Postpetition Lender, and (C) Utilize Cash Collateral; (II) Providing Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Doc. 35) (the "Cash Collateral Motion").

## RELIEF REQUESTED

10. Given the emergency nature of the relief requested in the First Day Motions, the Debtor hereby seeks entry of an order, pursuant to Bankruptcy Code section 105, Local Rule 9073-1, the General Order, and the Complex 11 Procedures: (a) scheduling expedited hearings on the First Day Motions; and (b) approving the form and manner of notice thereof. The Debtor proposes that such expedited hearings be held on **Tuesday, March 29, 2022.**

## BASIS FOR RELIEF REQUESTED

11. As set forth in detail in each of the First Day Motions, the relief requested is essential to the Debtor's operations and, in turn, its ability to successfully utilize the chapter 11 process. Although the Debtor will be winding down and eventually ceasing business operations within this Chapter 11 Case, it is imperative that the Debtor is able to operate its business throughout that process to ensure a smooth transfer of the Debtor's customers' gas and electric

4

service to the default providers, and to preserve the value of the Debtor's remaining assets for the benefit of the Debtor's estate.

12. Any delay with respect to the relief requested in the First Day Motions will inhibit the Debtor's ability to maximize value for creditors. For example, the Debtor would be unable to fund business operations or an orderly wind down without the relief requested in the Cash Collateral Motion. Similarly, the Employee Benefits Motion addresses issues critical to ensuring a stable relationship with the Debtor's employees as the Debtor enters bankruptcy, without which the Debtor may not be able to operate effectively within this Chapter 11 Case. The Cash Management Motion requests relief necessary for the Debtor to continue to collect receivables and make authorized payments without disruption. The Insurance Motion and the Tax Motion likewise request relief necessary to maintaining the Debtor's operations on a postpetition basis without taking unnecessary risks or jeopardizing the stability of the Chapter 11 Case. The relief requested in the Utilities Motion is necessary to ensure that utility service is maintained to the Debtor during this Chapter 11 Case. In addition, the Customer Notice Motion, the Responsible Person Motion, the Schedules Motion, the Case Management Motion, the Creditor Matrix Motion, and the Epiq Application all request relief regarding administrative requirements that must be resolved quickly in order for the Debtor's Chapter 11 Case to run smoothly, without which the Chapter 11 Case may suffer logistical or administrative issues.

13. In an effort to ensure that the Debtor has the ability and authority to operate as necessary within this Chapter 11 Case, the Debtor requests that the Court schedule expedited hearings on the First Day Motions for Tuesday, March 29, 2022.

**PROPOSED NOTICE OF FIRST DAY MOTIONS**

14. Subject to entry of an order of this Court substantially in the form of the Proposed

Order attached hereto as **Exhibit A**, the Debtor proposes to serve copies of the order entered on this Motion, the First Day Motions, and the Hearing Notice through the Court's ECF notification system on all parties receiving electronic notice in this Chapter 11 Case, as well as via overnight courier service (such as FedEx) with first available delivery, electronic mail, and/or facsimile (to the extent available) on the following parties:

    a.    the U.S. Trustee for the Southern District of Ohio;

    b.    the holders of the 20 largest unsecured claims against the Debtor;

    c.    the Internal Revenue Service and all other relevant taxing authorities;

    d.    the U.S. Attorney's Office for the Southern District of Ohio;

    e.    PNC Bank, National Association ("PNC") and its counsel;

    f.    the offices of the attorneys general for Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia;

    g.    the Environmental Protection Agency;

    h.    Federal Energy Regulatory Commission;

    i.    the Public Utilities Commission of Ohio, Pennsylvania Public Utilities Commission, Kentucky Public Service Commission, and Michigan Public Service Commission;

    j.    The Federal Energy Regulatory Commission;

    k.    The Utility Companies that provided Utility Services (as such terms are defined in the Utility Motion) to the Debtor as of the Petition Date;

    l.    All suppliers of the Debtor that are in possession of property subject to the lien(s) of PNC; and

    m.    any party that has requested notice pursuant to Bankruptcy Rule 2002.

15.    To the best of the Debtor's knowledge, no party other than PNC holds a security interest or lien in any of the Debtor's assets. Given this, and the exigency of the circumstances, the Debtor submits that the form and manner of notice described herein will provide sufficient

notice of the First Day Motions, and the expedited hearings thereon, to the parties holding the most significant interests in this Chapter 11 Case.

**SHORTENED TIME FOR RESPONSE TO FIRST DAY MOTIONS**

16. As required by Local Rule 9073-1, the Debtors respectfully request that the Court shorten the response deadline for each First Day Motion to be the date and time set by the Court for the hearing on the First Day Motions.

**MOTION PRACTICE**

17. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

**NOTICE**

18. The Debtor will provide notice of the Motion to: (a) the United States Trustee; (b) counsel to PNC Bank, National Association; (c) the holders of the 20 largest unsecured claims against the Debtor; (d) all official committees appointed, as of the filing of this Motion, in the Chapter 11 Case and their counsel; (e) the offices of the attorneys general for Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia; (f) the United States Attorney's Office for the Southern District of Ohio; (g) the Internal Revenue Service; (h) the state taxing authorities of Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia; (i) the Public Utilities Commission of Ohio, Pennsylvania Public Utilities Commission, Kentucky Public Service Commission, and Michigan Public Service Commission; (j) the U.S. Environmental Protection Agency; (k) the Federal Energy Regulatory Commission; (l) the Utility Companies that provided Utility Services (as such terms are defined in the Utility Motion) to the Debtor as of the Petition Date; and (m) any party that has requested notice pursuant to Bankruptcy

Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is required.

## NO PRIOR REQUEST

19. No prior motion for the relief requested herein has been made in this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, (a) scheduling expedited hearings on the First Day Motions for Tuesday, March 29, 2022; and (b) approving the form and manner of notice thereof, including the Hearing Notice attached hereto as **Exhibit B**.

Dated: March 28, 2022
      Columbus, Ohio

Respectfully submitted,

*/s/ Philip K. Stovall*
David M. Whittaker (0019307)
Philip K. Stovall (0090916)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
Tel: (614) 221-2121
Fax: (614) 365-9516
Email: dwhittaker@isaacwiles.com
       pstovall@isaacwiles.com

- *and* -

Darren Azman (*pro hac vice* pending)
Natalie Rowles (*pro hac vice* pending)
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444
Email: dazman@mwe.com
       nrowles@mwe.com

*Proposed Counsel to the Debtor*

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | |

**ORDER SCHEDULING EXPEDITED HEARING ON FIRST DAY MOTIONS AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF
[RELATED TO DOCKET NO. [__]]**

Upon the motion (Doc. __) (the "Motion")[2] of the Debtor for entry of an order (this "Order"): (a) scheduling expedited hearings on the First Day Motions; and (b) approving the form and manner of notice thereof, all as more fully set forth in the Motion; and this Court having reviewed the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Order of Reference entered in this District; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted as set forth herein.

2. The First Day Motions shall be heard (the "Expedited Hearing") on **[DATE], 2022, at [TIME],** prevailing Eastern Time at the U.S. Bankruptcy Court for the Southern District of Ohio, Courtroom C, 170 North High Street, Columbus, Ohio 43215.

3. By no later than **[TIME]**, on March 28, 2022, the Debtor shall cause the First Day Motions, a copy of this Order, and the completed Hearing Notice, substantially in the form attached as **Exhibit B** to the Motion, to be served via overnight courier service (such as FedEx) with first available delivery, electronic mail, and/or facsimile upon the following parties:

    a. the U.S. Trustee for the Southern District of Ohio;

    b. the holders of the 20 largest unsecured claims against the Debtor;

    c. the Internal Revenue Service and all other relevant taxing authorities;

    d. the U.S. Attorney's Office for the Southern District of Ohio;

    e. PNC Bank, National Association and its counsel;

    f. the offices of the attorneys general for Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia;

      g.      the Environmental Protection Agency;

      h.      Federal Energy Regulatory Commission;

      i.      the Public Utilities Commission of Ohio, Pennsylvania Public Utilities Commission, Kentucky Public Service Commission, and Michigan Public Service Commission;

      j.      The Federal Energy Regulatory Commission;

      k.      The Utility Companies that provided Utility Services (as such terms are defined in the Utility Motion) to the Debtor as of the Petition Date;

      l.      All suppliers of the Debtor that are in possession of property subject to the lien(s) of PNC; and

      m.      any party that has requested notice pursuant to Bankruptcy Rule 2002.

4. Under the circumstances, service in accordance with paragraph 3 of this Order is deemed sufficient and adequate notice of the First Day Motions and the Expedited Hearing, and is in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Debtor shall cause a certificate or affidavit of service to be filed that evidences service in compliance with this Order.

5. Parties in interest seeking to oppose the relief requested in one or more of the First Day Motions may do so by (a) filing one or more objection(s) with the Court prior to the Expedited Hearing <u>and</u> prosecuting such objection(s) during the Expedited Hearing; or (b) by raising the objection(s) orally in open court at the Expedited Hearing without having filed any prior written objection(s) with the Court.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SO ORDERED.**

Copies to: Default List.

## Exhibit B

### Hearing Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | |

## NOTICE OF EXPEDITED HEARINGS ON
## CERTAIN FIRST DAY MOTIONS AND APPLICATIONS

On March 28, 2022, upon *Debtor's Motion for an Order (I) Scheduling Expedited Hearings on Certain First Day Motions and Applications and (II) Approving the Form and Manner of Notice Thereof* (Doc. __), filed by Volunteer Energy Services, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, the Court entered an order (Doc. __) (the "Hearing Order"), scheduling expedited hearings on the following motions and applications (the "First Day Motions"):

| | |
|---|---|
| 1 | Debtor's Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief (Doc. 15) (the "Case Management Motion") |
| 2 | Debtor's Motion for Entry of Order Designating David Warner as Responsible Person pursuant to Local Bankruptcy Rule 1074-1 and Notice Thereof (Doc. 16) (the "Responsible Person Motion") |
| 3 | Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Maintain and Operate Its Existing Cash Management System, (B) Honor Certain Prepetition Obligations, and (C) Maintain Existing Business Forms, and (II) Granting Related Relief (Doc. 17) and Exhibit C thereto (Doc. 18) (the "Cash Management Motion") |

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

2

| | |
|---|---|
| 4 | Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Pay Prepetition Reimbursable Expenses, Benefits, and Related Items and (B) Honor and Continue Certain Prepetition Practices; (II) Authorizing Banks and Other Financial Institutions to Honor Checks and Electronic Transfer Requests Related to the Foregoing; and (III) Granting Related Relief (Doc. 19) (the "Employee Benefits Motion") |
| 5 | Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to (A) Pay Its Obligations Under Prepetition Insurance Policies and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage in the Ordinary Course; (II) Authorizing Banks and Other Financial Institutions to Honor Checks and Electronic Transfer Requests Related Thereto; and (III) Granting Related Relief (Doc. 20) (the "Insurance Motion") |
| 6 | Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, the Payment of Certain Prepetition Taxes and Fees and (II) Granting Related Relief (Doc. 21) (the "Tax Motion") |
| 7 | Debtor's Motion for Entry of an Order Extending the Deadline to file Schedules and Statement of Financial Affairs (Doc. 22) (the "Schedules Motion") |
| 8 | Debtor's Motion for Entry of Interim and Final Orders (I) Approving Proposed Adequate Assurance of Payment for Future Utility Services, (II) Approving Proposed Procedures for Resolving Adequate Assurance Requests, (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief (Doc. 23) (the "Utilities Motion") |
| 9 | Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Epiq Corporate Restructuring LLC as Claims and Noticing Agent Effective as of the Petition Date (Doc. 24) (the "Epiq Application") |
| 10 | Debtor's Motion for Entry of an Order (I) Authorizing the Debtors Claims and Noticing Agent to Maintain the Creditor List In Lieu of Filing the Creditor List and Mailing Matrix; and (II) Granting Related Relief (Doc. 28) (the "Creditor Matrix Motion") |
| 11 | Debtor's Amended Emergency Motion for Entry of an Order (I) Authorizing the Debtor to Implement Procedures for Notifying Customers of the Commencement of the Debtor's Case and (II) Granting Related Relief (Doc. 32) (the "Customer Notice Motion") |

| | |
|---|---|
| 12 | Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Claims to the Postpetition Lender, and (C) Utilize Cash Collateral; (II) Providing Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief (Doc. 35) (the "Cash Collateral Motion") |

A. **Date, Time, and Location:** Pursuant to the Hearing Order, hearings on the First Day Motions will be held on **[DATE]**, 2022, at **[TIME]** (the "Expedited Hearing"), prevailing Eastern Time at the U.S. Bankruptcy Court for the Southern District of Ohio, Courtroom C, 170 North High Street, Columbus, Ohio 43215.

B. **Responses and Objections:** Parties in interest seeking to oppose the relief requested in one or more of the First Day Motions may do so by (a) filing one or more objection(s) with the Court prior to the Expedited Hearing and prosecuting such objection(s) during the Expedited Hearing; or (b) by raising the objection(s) orally in open court at the Expedited Hearing without having filed any prior written objection(s) with the Court.

C. **Telephonic Appearances:** Parties wishing to appear at or audit the Expedited Hearing by telephone must arrange to do so through CourtCall, in accordance with the instructions set forth in the *Notice Re: Telephonic Appearance Procedures for Judge C. Kathryn Preston*, available on the Court's webpage at https://www.ohsb.uscourts.gov/judge-preston-policies-and-procedures. Except as may be specifically authorized by the Court, parties appearing telephonically will not be permitted to offer evidence or question witnesses at the Expedited Hearing.

# # #