## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
|  | ) |  |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
|  | ) |  |
|  | ) |  |

**APPLICATION BY VOLUNTEER ENERGY SERVICES INC. FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ISAAC WILES & BURKHOLDER LL AS LOCAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Volunteer Energy Services, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files this application (the "Application"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Ohio (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to employ and retain Isaac Wiles & Burkholder LLC ("IW") as its attorneys in the capacity as local counsel ("Local Counsel") to work in cooperation and in conjunction with McDermott Will & Emery LLP ("McDermott") who will be employed as lead counsel ("Lead Counsel") for the Debtor, effective as of the Petition Date (as defined below). In support of the Application, the Debtor relies on the *Declaration of David M. Whittaker in Support of the Application for Entry of Order*

---

[1]    The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

*Authorizing the Retention and Employment of Isaac Wiles & Burkholder LLC as Local Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date* (the "Whittaker Declaration"), a copy of which is attached hereto as **Exhibit B**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought herein are Bankruptcy Code section 327(a), Bankruptcy Rule 2014, Local Rule 2014-1, and *General Order No. 30-4* (the "General Order"), entered by the Court on February 24, 2021, which implemented and made effective the Procedures for Complex Chapter 11 Cases (the "Complex 11 Procedures") attached thereto.

## BACKGROUND

4.      The Debtor is a supplier of retail electricity and natural gas to commercial, industrial, and residential customers across Ohio, Michigan, Pennsylvania, and Kentucky. The Debtor currently has approximately 220,000 customers, many of whom are individuals participating in municipal aggregation arrangements that the Debtor has with various municipalities located in those states.

5.      On March 25, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtor is continuing to operate its business and manage its property as a

debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 and is also

pursuing transition of customers and the possible wind down of its business operations.

7.      No trustee, or examiner has been appointed in the Chapter 11 Case. The US

Trustee appointed a creditors' committee on April 1, 2022 (Doc. No. 83). No other official

committee has been appointed in the Chapter 11 Case.

8.      Additional information regarding the Debtor's business operations, capital

structure, and the circumstances leading to the chapter 11 filing is set forth in the Declaration of

David Warner in Support of the Chapter 11 Petition and First Day Pleadings (the "First Day

Declaration") (Doc. 26), which is incorporated herein by reference.

## RELIEF REQUESTED

9.      By the Application, the Debtor seeks entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit A**, authorizing the employment and retention

of IW as the Debtor's attorneys in the capacity of Local Counsel, effective as of the Petition

Date.

## STANDARD FOR RETENTION

10.     A debtor in possession, subject to court approval:

[M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other
professional persons, that do not hold or represent an interest adverse to the estate,
and that are disinterested persons, to represent or assist the trustee in carrying out
the trustee's [or debtor in possession's] duties under this title.

11 U.S.C. § 327(a). Importantly, a professional person "is not disqualified for employment under

section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's

employment by or representation of the debtor before the commencement of the case." 11

U.S.C. § 1107(b).

    11.    Bankruptcy Rule 2014 and Local Rule 2014-1 set forth the requirements for an

application seeking authority to employ a professional under section 327(a) of the Bankruptcy

Code. In any such application, the applicant must:

a. show that the employment is necessary and describe the reasons for selecting the professional, Fed. R. Bankr. P. 2014(a);

b. describe the professional services to be rendered, *id.*;

c. describe the proposed arrangement for compensation of the professional, *id.*;

d. disclose any connections of the professional to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, *id.*;

e. disclose the professional's customary and proposed hourly rates, LBR 2014-1(b)(1);

f. disclose the amount, date paid, and source of any fees paid to the professional from a period of one (1) year prior to the filing of the petition through the time of the application, LBR 2014-1(b)(2)

g. disclose the amount, date paid, and source of any retainer sought or received by the professional within such period, LBR 2014-1(b)(3).

    12.    In addition to the above, the application must also be accompanied by an affidavit

or verified statement of the person to be employed:

a. setting forth the professional's connections with the debtor, the trustee, any creditors, any equity security holder of the debtor, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee, Fed. R. Bankr. P. 2014; LBR 2014-1(c)(1);

b. establishing the lack of any adverse interest to the estate, LBR 2014-1(c)(2); and

c. establishing that the proposed employment is not prohibited by or improper under Federal Rule of Bankruptcy Procedure 5002, LBR 2014-1(c)(3).

## BASIS FOR RETENTION

13.     IW's representation of the Debtor began in June 2021, when the Debtor retained

IW with respect to certain business matters. IW subsequently represented the Debtor with respect

to negotiating certain loan modifications, extensions, and forbearance agreements with the

Debtor's lead secured lender PNC National Association ("PNC"). IW also represented the

Debtor with respect to a claim asserted by a creditor that culminated in the filing of a lawsuit

against the Debtor, and in consideration of alternatives regarding the Debtor's financial

circumstances and preparation for the filing of the Chapter 11 Case.

14.     The Debtor selected IW as its Local Counsel for the Chapter 11 Case because of

IW's experience with and knowledge of the Debtor' business and because of IW' knowledge of

and experience with debtors' and creditors' rights and business reorganization under chapter 11

of the Bankruptcy Code. The Debtor believes that David Whittaker, who will serve as the lead

Local Counsel for the Debtor, is experienced and qualified to represent the Debtor in the Chapter

11 Case and to work in cooperation with McDermott. Mr. Whittaker has represented debtors,

creditors, trustees, and other parties in bankruptcy cases for more than 42 years both in this Court

and in other bankruptcy courts throughout the country. Among other engagements, he has served

as an examiner in a Chapter 11 case and as a trustee of a trust created by a confirmed plan in a

Chapter 11 case. Mr. Whittaker has served as local counsel assisting national law firms in a

broad range of bankruptcy and non-bankruptcy litigation and contested matters. Mr. Whittaker

has also been lead counsel for matters in the Bankruptcy Courts in the District of Delaware and

the Southern District of New York and has affiliated with local counsel in both of those courts.

Mr. Whittaker understands fully the relationships between lead counsel and local counsel. Mr.

Whittaker's insolvency work and his non-insolvency practice have both been primarily focused

on business and commercial matters for several decades. Mr. Whittaker is one of the most

experienced and knowledgeable debtor-creditor and bankruptcy attorneys in Central Ohio. Philip

Stovall will assist in managing the Local Counsel duties for the Debtor in the Chapter 11 Case.

Mr. Stovall is a former judicial law clerk with several years of private practice experience in

debtor- creditor and bankruptcy matters. Mr. Stovall has worked with Mr. Whittaker for more

than 2 years.

15.     The Debtor believes that IW not only has the knowledge and experience

necessary to deal effectively with the issues that will arise in the Chapter 11 Case, but also that

IW will work effectively with McDermott to provide prompt and cost-effective representation of

the Debtor in the Chapter 11 Case.

16.     The Debtor believes that the employment of IW as Local Counsel in the Chapter

11 is in the best interests of the Debtor and of the bankruptcy estate.

## <u>SERVICES TO BE PROVIDED</u>

17.     Subject to further order of the Court and in accordance with the relevant

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the

complex Chapter 11 procedures ("Complex Chapter 11 Procedures") adopted by General Order

30-4 ("General Order") entered in this District, the Debtor requests the retention and

employment of IW to provide the following legal services, either independently or in conjunction

with McDermott as may be directed by the Debtor:

> a.      advising the Debtor with respect to its powers and duties as a debtor in
> possession in the continued management and operation of its business and
> properties;
>
> b.      advising and consulting on the conduct of the Chapter 11 Case, including
> all of the legal and administrative requirements of operating in chapter 11;

c.      attending meetings and negotiating with representatives of the Debtor's creditors, creditors committee, the US Trustee,  and other parties in interest;

d.      taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

e.      preparing pleadings in connection with the Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

f.      advising the Debtor in connection with any potential sale of assets;

g.      appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

h.      advising the Debtor regarding insurance matters;

i.      taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

j.      performing all other necessary legal services for the Debtor in connection with the prosecution of the Chapter 11 Case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor's assets; and (iii) advising the Debtor on corporate and litigation matters.

## PROFESSIONAL COMPENSATION

18.      Unless otherwise ordered by the Court, the Complex 11 Procedures will govern

the payment and application process for the professional fees and expenses of IW regarding its

representation of the Debtor. Subject to the terms and requirements set forth in the Complex 11

Procedures, IW will be entitled to the provisional payment of 90% of the undisputed fees and

100% of the undisputed expenses identified on each Monthly Statement (as such term is defined

in the Complex 11 Procedures), prior to entry of an interim or final order allowing or awarding

McDermott such fees and expenses. IW will make timely applications ("Fee Application") to the

Court for allowance of compensation and reimbursement of expenses in accordance with the

Complex 11 Procedures and any orders of the Court, and all such applications will comply with

the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any orders of this Court.

19.    The names, positions, and applicable hourly rates of the IW attorneys currently

expected to have primary responsibility for providing services to the Debtor are as follows:

| Attorney | Position / Department | Hourly Rate |
|----------|----------------------|-------------|
| David M. Whittaker | Partner / Business – Bankruptcy & Creditor Rights | $500 |
| Philip K. Stovall | Associate / Business – Bankruptcy & Creditor Rights | $350 |

20.    Additionally, other IW professionals and paraprofessionals may provide services

to the Debtor in connection with this Chapter 11 Case. The current hourly rate ranges for other

IW professionals and paraprofessionals are as follows:

| Billing Category | U.S. Range |
|------------------|-----------|
| Partners | $350 - $500 |
| Associates | $175 - $350 |
| Paraprofessionals and Legal Assistants | $75 - $125 |

21.    IW's hourly rates are set at a level designed to compensate IW fairly for the work

of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary

with the experience and seniority of the individuals. These hourly rates are subject to periodic

adjustments to reflect economic and other conditions. No proposed change of the rates charged

will be made by IW during the Chapter 11 Case without IW first giving 30 days prior notice to

the parties who will receive Monthly Statements in the Chapter 11 Case. IW will maintain

records in support of its fees in one-tenth of an hour increments, and such records will be

arranged by category and nature of the services rendered and will include reasonably detailed

descriptions of services provided.

22.      It is IW's policy to charge its clients in all areas of practice for identifiable, non-

overhead expenses incurred in connection with the client's case that would not have been

incurred except for representation of that client. It is also IW's policy to charge its clients only

the amount actually incurred by IW in connection with such items. Examples of such expenses

include postage, overnight mail, courier delivery, transportation, computer-assisted legal

research, and photocopying. IW will itemize all expenses by category in any Monthly Statement

or Fee Application.

23.      Since the Debtor's retention of IW, IW received the following payments

(including retainers) from the Debtor identified by project:

> A.      GENERAL BUSINESS MATTERS –
>
> October 25, 2021,        $ 1,500.78
>
> B.      LOGICAL COMMUNICATION DISPUTE/LITIGATION -
>
> January 5, 2022,         $ 3,017.80
>
> January 12, 2022,        $ 1,948.50
>
> January 31, 2022,        $    175.00
>
> C.      LOAN FORBEARANCE –
>
> August 6, 2021,          $ 2,738.00
>
> August 6, 2021,          $17,976.70
>
> August 26, 2021,         $ 3,802.75
>
> September 9, 2021,       $ 3,155.50
>
> October 11, 2021,        $11,379.20
>
> November 21, 2021,       $ 7,049.70

December 15, 2021,          $   907.50

January 31, 2022,           $ 1287.00

D.        RETAINERS FOR SERVICES REGARDING THE CHAPTER 11 –

March 7, 2022,              $75,000.00

March 25, 2022[2]           $25,000.00

E.        PAYMENTS FROM THE RETAINERS –

March 23, 2022,             $65,000.00

March 25, 2022[3]           $ 7,500.00

F.        RETAINER BALANCE AS OF THE PETIITION -

As of the Petition Date, the sum of $27,500.00 remained on deposit in IW's trust account

as and for a retainer balance. As of the Petition Date, IW was not owed any amounts from the

Debtor for professional fees or reimbursable expenses.

## DISINTERESTEDNESS

24.        To the best of the Debtor's knowledge and in reliance on the Whittaker

Declaration, and except as otherwise set forth in the Application and in the Whittaker

Declaration, IW (a) has no connection with the Debtor, its creditors, any equity holder of the

Debtor, any other party in interest, the attorneys or accountants, financial advisors or other

professionals of any of the foregoing, or the U.S. Trustee[4] or any person employed in the Office

of the U.S. Trustee in this District; (b) is not, and was not within 2 years before the Petition Date,

a director, officer, or employee of the Debtor; (c) does not hold any interest adverse to the

---

[2] Received by wire transfer prior to the filing of the Petition.

[3] Funds transferred prior to the filing of the Petition

[4] David Whittaker has been a member of the panel of Chapter 7 Trustees for the Southern District of Ohio in Columbus since May of 1983. Mr. Whittaker is not an employee of the US Trustee. His status as a Chapter 7 Trustee does not prevent him or IW from being disinterested

Debtor's estate; and (d) believes that it is a "disinterested person," as such term is defined by

section 101(14) of the Bankruptcy Code.

25.     Further, as set forth in the Whittaker Declaration, no partner, associate or

employee of IW is related to or connected with any judge of this Court, any judge of the United

States District Court for the Southern District of Ohio, or the U.S. Trustee for the region serving

this District, such that the Debtor's employment of IW would be improper under Bankruptcy

Rule 5002.

26.     IW has advised the Debtor that IW has in the past represented, and/or is currently

representing and/or may in the future represent certain parties that are either counterparties to

aggregation contracts or other contracts with the Debtor and/or who may have claims against the

Debtor (collectively the "Potentially Adverse Parties"). IW has advised the Debtor that the

Potentially Adverse Parties known to IW are:

> City of Wilmington
>
> Orange Township
>
> Village of Shawnee Hills
>
> Village of Ashville
>
> Village of Greenfield.

27.     IW has advised the Debtor that IW has not in the past represented any of the

Potentially Adverse Parties in any matter or issue related to the Debtor or in any representation

adverse to the Debtor. IW has further advised the Debtor that IW will not represent any of the

Potentially Adverse Parties with respect to the Chapter 11 Case unless IW receives a specific

waiver of any conflict of interest from the Potentially Adverse Party. If any of the Potentially

Adverse Parties files any application, motion, adversary proceeding, or other contested matter

(collectively a "Potentially Adverse Party Contested Matter") in the Chapter 11 Case or if the

Debtor initiates a Potentially Adverse Party Contested Mater in the Chapter 11 Case, then unless

IW receives a specific waiver of any conflict of interest from the Potentially Adverse Party, the

rights and interests of the Debtor with respect to the Potentially Adverse Party Contested Matter

will be represented by McDermott, and IW will not advise or represent the Debtor with respect

to the Potentially Adverse Party Contested Matter.

28.    IW has further informed the Debtor that, throughout the Chapter 11 Case, IW will

continue to review its files, including any new clients or relationships, to ensure that no conflicts

or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are

discovered or arise, IW will use reasonable efforts to identify such further developments and will

promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a) and Local

Rule 2014-1. If IW becomes aware of any actual conflict and if IW is not able to obtain a waiver

of the conflict of interest, then McDermott will be solely responsible for representing the Debtor

with respect to such matter.

## **MOTION PRACTICE**

29.    This Application includes citations to the applicable rules and statutory authorities

upon which the relief requested herein is predicated and a discussion of their application to this

Application. Accordingly, the Debtor submits that this Application satisfies Local Rule 9013-

1(a).

## **NOTICE**

30.    The Debtor will provide notice of the Motion to: (a) the United States Trustee; (b)

counsel to PNC Bank, National Association; (c) the holders of the 20 largest unsecured claims

against the Debtor; (d) all official committees appointed, as of the filing of this Application, in

the Chapter 11 Case and their counsel; (e) the offices of the attorneys general for Ohio,

Pennsylvania, Michigan, Kentucky, and West Virginia; (f) the United States Attorney's Office

for the Southern District of Ohio; (g) the Internal Revenue Service; (h) the state taxing

authorities of Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia; (i) the Public

Utilities Commission of Ohio, Pennsylvania Public Utilities Commission, Kentucky Public

Service Commission, and Michigan Public Service Commission; (j) the U.S. Environmental

Protection Agency; (k) the Federal Energy Regulatory Commission; and (l) any party that has

requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, considering the

nature of the relief requested, no other or further notice is required.

## **<u>NO PRIOR REQUEST</u>**

31.    No prior application for the relief requested herein has been made to this or any

other court.


*[remainder of page intentionally left blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain IW as its attorneys in the capacity as Local Counsel effective as of the Petition Date, and granting such other relief as the Court deems appropriate.

Dated: April 4, 2022
      Columbus, Ohio

/s/ David Warner_____
David Warner
Chief Financial Officer
Volunteer Energy Services, Inc.

Prepared by:

*/s/ David M. Whittaker*
David M. Whittaker    (0019307)
Philip K. Stovall      (0090916)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
Tel:    (614) 221-2121
Fax:    (614) 365-9516
Email  dwhittaker@isaacwiles.com
       pstovall@isaacwiles.com

and

Darren Azman (admitted *pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:    (212) 547-5400
Fax:    (212) 547-5444
Email  dazman@mwe.com
      nrowles@mwe.com

*Proposed Counsel to the Debtor*

**<u>Exhibit A</u>**


**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-55084 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | |
| | ) | |

**ORDER AUTHORIZING VOLUNTEER ENERGY SERVICES INC. TO RETAIN AND
EMPLOY ISAAC WILES & BURKHOLDER LL AS LOCAL COUNSEL TO THE
DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE
[RELATED TO DOCKET NO. [   ]**

Upon the application (the "Application", Doc. No. ____)[2] of Volunteer Energy Services

Inc (the "Debtor") for entry of an order, pursuant to Bankruptcy Code section 327(a),

Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtor to retain and employ

Isaac Wiles & Burkholder LLC ("IW"), as Local Counsel to the Debtor effective as of the

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

Petition Date; and upon consideration of the Whittaker Declaration in support of the Application

and the First Day Declaration; and the Court being satisfied that IW is a "disinterested person" as

such term is defined under section 101(14) of the Bankruptcy Code; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference entered in this District; and the matter being a core proceeding within the meaning of

28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application being proper in this

District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Application

having been given; and it appearing that no other or further notice is necessary; and it appearing

that the relief requested in the Application is in the best interests of the Debtor, its estate,

creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient

cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Application is granted as set forth herein.

2.      Pursuant to Bankruptcy Code section 327(a), the Debtor is authorized to retain

and employ IW as its attorneys in the capacity as Local Counsel in the Chapter 11 Case effective

as of the Petition Date.

3.      The *Procedures for Complex Chapter 11 Cases* (the "Complex 11 Procedures")

implemented and made effective by *General Order No. 30-4*, entered by the Court on February

24, 2021, shall govern the payment and application process for the professional fees and

expenses billed by IW. Subject to the terms and requirements set forth in the Complex 11

Procedures, IW shall be entitled to the provisional payment of 90% of the undisputed fees and

100% of the undisputed expenses identified on each Monthly Statement (as such term is defined

in the Complex 11 Procedures), prior to entry of an interim or final order allowing or awarding

IW such fees and expenses. Notwithstanding anything to the contrary contained herein, all parties in interest shall have the right to object to IW's interim and final applications for compensation and reimbursement of out-of-pocket expenses based on the reasonableness standard set forth in Bankruptcy Code section 330.

4.      IW shall make timely applications ("Fee Application") to the Court for allowance of compensation and reimbursement of expenses in accordance with the Complex 11 Procedures and any orders of the Court, and all such applications will comply with the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court.

5.      The Debtor and IW are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**SO ORDERED.**

Copies to: Default List

## **Exhibit B**

**Whittaker Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
|  | ) |  |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
|  | ) |  |
|  | ) |  |

**DECLARATION OF DAVID M. WHITTAKER IN SUPPORT OF
APPLICATION OF VOLUNTEER ENERGY SERVICES INC.  FOR ENTRY OF
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ISAAC WILES
AND BURKHOLDER LLC AS LOCAL COUNSEL TO THE DEBTOR AND DEBTOR
IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, David M. Whittaker, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

7.     I am a partner in the law firm of Isaac Wiles & Burkholder LLC ("IW"), which has an office at Two Miranova Place, Suite 700, Columbus OH 43215. I am a member in good standing of the Bar of the State of Ohio. There are no disciplinary proceedings pending against me.

8.     I submit this declaration (the "Declaration") in support of the *Application for Entry of Order Authorizing the Retention and Employment of Isaac Wiles & Burkholder LLC as Local Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date* (the "Application").[2]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1]     The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2]     Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

## QUALIFICATIONS

9.     IW's representation of the Debtor began in June 2021, when the Debtor retained

IW with respect to certain business matters. IW subsequently represented the Debtor with respect

to the negotiation of loan modifications, extensions, and forbearance agreements with the

Debtor's lead secured lender PNC National Association ("PNC"). IW also represented the

Debtor with respect to a claim asserted by a creditor that culminated in the filing of a lawsuit

against the Debtor, in consideration of strategic alternatives regarding the Debtor's financial

circumstances and with respect to the filing of the Chapter 11 Case.

10.     The Debtor selected IW as its Local Counsel for the Chapter 11 Case because of

IW's experience with and knowledge of the Debtor' business and because of IW's knowledge of

and experience with debtors' and creditors' rights and business reorganization under chapter 11

of the Bankruptcy Code. I will serve as the lead Local Counsel for the Debtor. I am very

experienced and qualified to represent the Debtor in the Chapter 11 Case and to work in

cooperation with McDermott. I have represented debtors, creditors, trustees, and other parties in

bankruptcy cases for more than 42 years both in this Court and in other bankruptcy courts

throughout the country. Among other engagements, I have served as an examiner in a Chapter 11

case and as a trustee of a trust created by a confirmed plan in a Chapter 11 case. I have served as

local counsel assisting national law firms in a broad range of bankruptcy and non-bankruptcy

litigation and contested matters. I have also been lead counsel for matters in the Bankruptcy

Courts in the District of Delaware and the Southern District of New York and have affiliated

with local counsel in both of those courts. I understand fully the relationships between lead

counsel and local counsel. My insolvency work and my non-insolvency practice have both been

primarily focused on business and commercial matters for several decades. I am one of the most

experienced and knowledgeable debtor-creditor and bankruptcy attorneys in Central Ohio. Philip

2

Stovall will assist in managing the Local Counsel duties for the Debtor in the Chapter 11 Case.

Mr. Stovall is a former judicial law clerk with several years of private practice experience in

debtor- creditor and bankruptcy matters. Mr. Stovall has worked with me for more than 2 years.

11.     I believe that IW not only has the knowledge and experience necessary to deal

effectively with the issues that will arise in the Chapter 11 Case, but also that IW will work

effectively with McDermott to provide prompt and cost-effective representation of the Debtor in

the Chapter 11 Case.

12.     I believe that the employment of IW as Local Counsel in the Chapter 11 is in the

best interests of the Debtor and of the bankruptcy estate.


## SERVICES TO BE PROVIDED

13.     Subject to further order of the Court and in accordance with the relevant

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the

complex Chapter 11 procedures ("Complex Chapter 11 Procedures") adopted by General Order

30-4 ("General Order") entered in this District, IW will be retained and to provide the following

legal services, either independently or in conjunction with McDermott as may be directed by the

Debtor:

> k.     advising the Debtor with respect to its powers and duties as a debtor in
> possession in the continued management and operation of its business and
> properties;
>
> l.     advising and consulting on the conduct of the Chapter 11 Case, including
> all of the legal and administrative requirements of operating in chapter 11;
>
> m.     attending meetings and negotiating with representatives of the Debtor's
> creditors, creditors committee, the US Trustee,  and other parties in
> interest;
>
> n.     taking all necessary actions to protect and preserve the Debtor's estate,
> including prosecuting actions on the Debtor's behalf, defending any action

commenced against the Debtor, and representing the Debtor in
negotiations concerning litigation in which the Debtor is involved,
including objections to claims filed against the Debtor's estate;

o.    preparing pleadings in connection with the Chapter 11 Case, including
motions, applications, answers, orders, reports, and papers necessary or
otherwise beneficial to the administration of the Debtor's estate;

p.    advising the Debtor in connection with any potential sale of assets;

q.    appearing before the Court and any appellate courts to represent the
interests of the Debtor's estate;

r.    advising the Debtor regarding insurance matters;

s.    taking any necessary action on behalf of the Debtor to negotiate, prepare,
and obtain approval of a disclosure statement and confirmation of a
chapter 11 plan and all documents related thereto; and

t.    performing all other necessary legal services for the Debtor in connection
with the prosecution of the Chapter 11 Case, including: (i) analyzing the
Debtor's leases and contracts and the assumption and assignment or
rejection thereof; (ii) analyzing the validity of liens against the Debtor's
assets; and (iii) advising the Debtor on corporate and litigation matters.

## **PROFESSIONAL COMPENSATION**

14.    Unless otherwise ordered by the Court, IW proposes that the Complex 11

Procedures will govern the payment and application process for the professional fees and

expenses of IW regarding its representation of the Debtor. Subject to the terms and requirements

set forth in the Complex 11 Procedures, IW will be entitled to the provisional payment of 90% of

the undisputed fees and 100% of the undisputed expenses identified on each Monthly Statement

(as such term is defined in the Complex 11 Procedures), prior to entry of an interim or final order

allowing or awarding McDermott such fees and expenses. IW will make timely applications

("Fee Application") to the Court for allowance of compensation and reimbursement of expenses

in accordance with the Complex 11 Procedures and any orders of the Court, and all such

4

applications will comply with the requirements of the applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court.

15.     The names, positions, and applicable hourly rates of the IW attorneys currently

expected to have primary responsibility for providing services to the Debtor are as follows:

| Attorney | Position / Department | Hourly Rate |
|---|---|---|
| David M. Whittaker | Partner / Business – Bankruptcy & Creditor Rights | $500 |
| Philip K. Stovall | Associate / Business – Bankruptcy & Creditor Rights | $350 |

16.     Additionally, other IW professionals and paraprofessionals may provide services

to the Debtor in connection with this Chapter 11 Case. The current hourly rate ranges for other

IW professionals and paraprofessionals are as follows:

| Billing Category | U.S. Range |
|---|---|
| Partners | $350 - $500 |
| Associates | $175 - $350 |
| Paraprofessionals and Legal Assistants | $75 - $125 |

17.     IW's hourly rates are set at a level designed to compensate IW fairly for the work

of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary

with the experience and seniority of the individuals. These hourly rates are subject to periodic

adjustments to reflect economic and other conditions. No proposed change of the rates charged

will be made by IW during the Chapter 11 Case without IW first giving 30 days prior notice to

the parties who will receive Monthly Statements in the Chapter 11 Case. IW will maintain

records in support of its fees in one-tenth of an hour increments, and such records will be

arranged by category and nature of the services rendered and will include reasonably detailed

descriptions of services provided.

18.     It is IW's policy to charge its clients in all areas of practice for identifiable, non-

overhead expenses incurred in connection with the client's case that would not have been

incurred except for representation of that client. It is also IW's policy to charge its clients only

the amount actually incurred by McDermott in connection with such items. Examples of such

expenses include postage, overnight mail, courier delivery, transportation, computer-assisted

legal research, and photocopying. IW will itemize all expenses by category in any Monthly Fee

Statement or Fee Application.

19.     Since the Debtor's retention of IW, IW received the following payments

(including retainers) from the Debtor identified by project:

> A.     GENERAL BUSINESS MATTERS –
>
> October 25, 2021,        $ 1,500.78
>
> B.     LOGICAL COMMUNICATION DISPUTE/LITIGATION -
>
> January 5, 2022,        $ 3,017.80
>
> January 12, 2022,        $ 1,948.50
>
> January 31, 2022,        $    175.00
>
> C.     LOAN FORBEARANCE –
>
> August 6, 2021,        $ 2,738.00
>
> August 6, 2021,        $17,976.70
>
> August 26, 2021,        $ 3,802.75
>
> September 9, 2021,        $ 3,155.50
>
> October 11, 2021,        $11,379.20
>
> November 21, 2021,        $ 7,049.70

December 15, 2021,          $   907.50

January 31, 2022,          $ 1287.00

D.      RETAINERS FOR SERVICES REGARDING THE CHAPTER 11 –

March 7, 2022,              $75,000.00

March 25, 2022[3]            $25,000.00

E.      PAYMENTS FROM THE RETAINERS –

March 23, 2022,             $65,000.00

March 25, 2022[4]            $ 7,500.00

F.      RETAINER BALANCE AS OF THE PETIITION -

As of the Petition Date, the sum of $27,500.00 remained on deposit in IW's trust account

as and for a retainer balance. As of the Petition Date, IW was not owed any amounts from the

Debtor for professional fees or reimbursable expenses.

20.      IW has neither shared nor agreed to share (a) any compensation it has received or

may receive with another party or person, other than with the partners, associates, and employees

of IW, or (b) any compensation another person or party has received or may receive.

## **DISINTERESTEDNESS**

21.      In connection with its proposed retention by the Debtor in the Chapter 11 Case,

IW undertook to determine whether it had any conflicts or other relationships that might cause it

not to be disinterested or to hold or represent an interest adverse to the Debtor. Specifically, IW

obtained from the Debtor and its representatives the names of individuals and entities that may

be parties in interest in the Chapter 11 Case (the "Potential Parties in Interest"), which parties are

---

[3] Received by wire transfer prior to the filing of the Petition.

[4] Funds transferred prior to the filing of the Petition

listed on **Schedule 1**[5] hereto. IW has searched its electronic database ("Conflicts Review") for its

connections to the entities listed on **Schedule 1**. In addition, as a part of its Conflicts Review, an

email was sent to all IW attorneys disclosing the Potential Parties in Interest to further determine

if IW has or had any relationships with any of the Potential Parties in Interest. Based upon this

Conflicts Review I have determined and have advised the Debtor that IW has represented in the

past, and/or is currently representing and/or may in the future represent certain parties that are

either counterparties to aggregation contracts or other contracts with the Debtor and/or who may

have claims against the Debtor (collectively the "Potentially Adverse Parties"). IW has advised

the Debtor that the Potentially Adverse Parties known to IW are:

> City of Wilmington
>
> Orange Township
>
> Village of Shawnee Hills
>
> Village of Ashville
>
> Village of Greenfield.

22.     IW has advised the Debtor that IW has not in the past represented any of the

Potentially Adverse Parties in any matter or issue related to the Debtor or in any representation

adverse to the Debtor. IW has further advised the Debtor that IW will not represent any of the

Potentially Adverse Parties with respect to the Chapter 11 Case unless IW receives a specific

waiver of any conflict of interest from the Potentially Adverse Party. If any of the Potentially

Adverse Parties files any application motion, adversary proceeding, or other contested matter

---

[5]   The inclusion of parties in Schedule 1 is solely related to IW's Conflicts Review and is not an admission by IW
or the Debtor that any party has a valid claim against the Debtor or that any party properly belongs in Schedule
1 or has a claim or legal relationship to the Debtor of the nature described in Schedule 1.

(collectively a Potentially Adverse Party Contested Matter") in the Chapter 11 Case or if the

Debtor initiates a Potentially Adverse Party Contested Matter in the Chapter 11 Case, then unless

IW receives a specific waiver of any conflict of interest from the Potentially Adverse Party, the

rights and interests of the Debtor with respect to the Potentially Adverse Party Contested Matter

will be represented by McDermott and IW will not advise or represent the Debtor with respect to

the Potentially Adverse Party Contested Matter.

23.     None of the Potentially Adverse Parties disclosed in the Application or in the

Declaration represent more than one percent of IW's fee receipts for the twelve-month period

ending on the Petition Date.

24.     From time to time, IW's partners, associates, or employees may personally

directly acquire equity security of a company which could include creditors, or other parties in

interest in the Chapter 11 Case. In addition, IW partners, associates or employees may have an

equity securing interest in a company that is a creditor or party in interest in the Chapter 11 Case

through a mutual fund or other investment facility managed by others on behalf of the IW

partner, associate, or employee. Although IW has not identified any equity security interest

directly held by an IW partner, associate, or employee in any creditor or party in interest in the

Chapter 11 Case, as a precaution to avoid improper trading, IW has a policy prohibiting

attorneys and employees from using confidential information that may come to their attention in

the course of their work and IW attorneys and employees are barred from trading in securities

with respect to which they possess confidential information.

## AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS

25.     Based on the Conflicts Review conducted to date and described herein, to the best

of my knowledge and insofar as I have been able to ascertain, other than disclosed in the

Application and in this Declaration, IW (a) has no connection with the Debtor, its creditors, any

equity holder of the Debtor, any other party in interest, the attorneys or accountants, financial

advisors or other professionals of any of the foregoing, or the US Trustee[6] or any person

employed in the Office of the U.S. Trustee in this District; (b) is not, and was not within 2 years

before the Petition Date, a director, officer, or employee of the Debtor; and (c) does not hold any

interest adverse to the Debtor's estate. I therefore believe that IW is a "disinterested person," as

such term is defined by section 101(14) of the Bankruptcy Code, as required by Bankruptcy

Code section 327(a).

26.     Further, as far as I have been able to determine, no partner, associate, or employee

of  IW is related to or connected with any judge of this Court, any judge of the United States

District Court for the Southern District of Ohio, or the U.S. Trustee for the region serving this

District, such that the Debtor's employment of IW would be improper under Bankruptcy Rule

5002.

27.     Throughout the Chapter 11 Case, IW will continue to review its files, including

any new clients or relationships, to ensure that no conflicts or other disqualifying circumstances

exist or arise. If any new relevant facts or relationships are discovered or arise, IW will use

reasonable efforts to identify such further developments and will promptly file a supplemental

declaration, as required by Bankruptcy Rule 2014(a) and Local Rule 2014-1. If IW becomes

aware of any actual conflict and if IW is not able to obtain a waiver of the conflict of interest,

then McDermott will be solely responsible for representing the Debtor with respect to such

matter.

---

[6] I have been a member of the panel of Chapter 7 Trustees for the Southern District of Ohio in Columbus since May
of 1983. I am not an employee of the US Trustee. My status as a Chapter 7 Trustee does not prevent me or IW
from being disinterested

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 4, 2022                                 Respectfully submitted,

                                                     */s/ David M. Whittaker*
                                                     David M. Whittaker
                                                     Partner
                                                     Isaac Wiles & Burkholder LLC

## Schedule 1 to Whittaker Declaration

**Potential Parties in Interest**

**Potential Parties in Interest**

**Debtor**
Volunteer Energy Services, Inc.

**Debtor's Equity Security Holder**
Richard A. Curnutte, Sr.

**Bankruptcy Judges and Staff**
Chief Judge John E. Hoffman, Jr.
Judge Jeffery P. Hopkins
Judge C. Kathryn Preston
Judge Guy R. Humphrey
Judge Beth A. Buchanan
Judge Mina Nami Khorami
Kristie Vickers
Brian Gifford
Susan Thompson
Karli Fisher
Laura Atack
Benedict Wiesner
Tom Kisor
Konrad Starostka
Neil Berman
Elizabeth Rogers
A. Ryan Cunningham
Colleen Militello
Heather Gilliam
Rebecca Hess
Kristin Wehrmann
Susie Cioffi

**Bankruptcy and Other Professionals**
AEG Affiliated Energy Group
B. Riley Financial, Inc.
Blank Rome LLP
Boehm Kurtz & Lowry
Carlile Patchen & Murphy LLP
Clark Schaeffer Hackett
Dentons Cohen & Grigsby PC
Epiq Corporate Restructuring LLC
Gallagher Law
Ice Miller LLP
Isaac Wiles & Burkholder, LLC
The Keystone Group
McDermott Will & Emery LLP
McDonald Hopkins LLC

McNees Wallace & Nurick LLC
Sidley Austin LLP
Standley Law Group LLP
Tidwell Group
Wilke & Associates LLP

**Banks and Lenders**
PNC Bank, National Association
PNC Capital Markets LLC

**Current and Former Directors and Officers**
Richard A. Curnutte
John L. Einstein
David Warner
Anthony Digioia, Jr.
Richard A. Curnutte, Jr.
Jeffrey M. Horsley
Marc C. Runck

**Energy – Utility/LDC Counterparties**
AEP Ohio Power
AES Corporation
American Electric
Columbia Gas of Kentucky
Columbia Gas of Ohio
Columbia Gas of Pennsylvania
Consumers Energy Co
Dominion Energy - Ohio
DPL - Dayton Power & Light Company
DTE Gas Company
Duke Energy
First Energy
MGU - Michigan Gas Utilities
Ohio Power Co - Distribution
Peoples Natural Gas Co
Semco Central
The East Ohio Gas Company
Vectren aka Centerpoint Energy
WE Energies

**Energy – Hedges**
Bank of America
Nextera Energy Marketing LLC
StoneX Group (FC Stone)

Interactive Brokers
Ice US OTC Commodity Markets LLC

**Energy – Supplier**
Arm Energy
BP
CarbonBetter LLC
DTE Energy Trading Inc
ECO-Energy
ICE - Intercontinental Exchange
Sequent Energy Management
Shell Energy North America (US) LP
Snyder Brothers
Texla Energy Management Inc

**Energy – Pipeline/Transmission**
ANR Pipeline Company
Columbia Gas Transmission Corp.
Dominion Energy Transmission, Inc. aka
Eastern Gas Transmission
Nexus Gas Transmission LLCX (US)
Panhandle Eastern Pipe Line
Rockies Express Pipeline
Tennessee Gas Pipeline Company
Texas Eastern Transmission LP
Trunkline Gas Company LLC
Transco Gas PipeLine

**Energy – ISO**
PJM Settlement Inc.

**Energy – Utility/LDC Other**
American Electric Power
Dominion East Ohio Gas
Ohio Edison Company
The Illuminating Company
Toledo Edison Company

**Energy – RECs**
Spectron Energy Inc.
ICAP
3Degrees Group Inc.

**Energy – Supplier (Local)**
American Energy Services
B & E Resources LLC

Beardmore Producing Co
Big Sand Drilling Company Inc
Blessing Acres Properties LLC
Bruce Maendel
C&D Oil and Gas LLC
Cambrian Hunter, Inc.
Cedar Valley
Don Bandy
G & O Resources, LTD
Gress Oil & Gas
JD Gas & Oil Inc
John Campton
Oil Field Service, Inc
OOGA - Ohio Oil & Gas Association
Ohio Oil & Gas Energy Education Program
- OOGEEP
Pete & Violet Schoeni
Red Hill Development Co
S & S Energy Corporation
T & F Exploration
Triple B, LLC
Zoran Oil & Gas

**Energy – Surety Bond**
Capital Indemnity
Cincinnati Insurance
Great American Insurance
Trimble Insurance Agency
USI insurance

**Broker/Channel Partners**

ABA Energy Partners Inc.
Abba Enterprises Unlimited LLC
Ablahad Salmo
Academy Utility Consultants
Action Business Services LLC
Adam N Girard
AES - Huck Hayes
Alternate Energy Suppliers
Alternative Gas & Electric Solutions, LLC
Alternative Utility Services, Inc. (AUS)
Amerex
AMPO Inc.
AMT Telecom
Amy Avery

Andrew Skedo
Antoinette Weathers
Aspen Energy
Asset Energy LLC
Athens Area Chamber of Commerce
Baroda Group LLC
BHP Energy LLC GEM Energy
Blue Flame
Blue Hook Systems LLC
Blue Print Energy Group
Bradley Lewis
Broker Online Exchange
Buckeye Energy Brokers, Inc.
Burton Energy Group
Cambridge Area Chamber of Commerce
CCAOSC Energy Solutions, LLC.
CEH Consulting LLC
Chamber Energy Solutions, LLC.
Chase Tek Corporation
Cherrydale
Cherrydale dba Commercial Services
Brokers
Choice Energy Services Retail
City of Gallipolis
City of Pickerington - Reinvestment
City of Reynoldsburg
City of St Clairsville
Clifford Walker III
Commercial & Industrail Energy
Commercial Service Broker
Community Energy Advisers
Compass Enterprises
Consumer Energy Solutions Inc.
Consumers Energy Options
Curago Energy LLC
CVC Co LLC
Dan Gheesling
Dave Erich
David Donahue
David Printup
David Tomlin
Daybreak Energy
Dena Leginski
Dennis Giancola
Derrick Parker
Diversified Energy

Dyna Flow LLC
ECOVA Tharaldson Group
Electric & Gas Savings LLC
Elizabeth Young
Emuna Energy
Enel X North America, Inc.
EnerCom Inc
Enerconnex LLC
Energen Inc.
Energy Alliances, Inc.
Energy Auction Exchange LLC
Energy Choice LLC
Energy Cost Savers
Energy Edge Strategic Solutions
Energy Impact
Energy Profeesionals
Energy Revenue
Enstar Energy LLC
ERC Services LLC
Executive Assistant Service
FirstEnergy Solutions Dba The E Group
Five Gems
Fred Holmes
Global Deregulation Services Inc
Good Energy L.P.
Green Power Source
Greenlight Marketing LLC
Growers Energy Solutions, LLC.
GSA Group
Habes LLC
HealthTrust Purchasing Group
Heartland Energy
HPS LLC
Huck Hayes
Ice Solutions Inc
Independent Energy Consultants Inc
Industrial and Commercial Energy Cons.
Insight Sourcing Group
Integrity Energy
Irish Energy
JAC Technologies
Jackson Area Chamber of Commerce
Jamie Warner
JARSCO LLC
Jeff Brandt
Jieun Yoon

JME Leadership Committee LLC
Joel Heron
John C. Costa
John R Wiles
John Urmetz
Jon Dunbar
Jon Jurhs
Jonathan Firetage
KBK Group
Kristine Mahan
Lakepoint Energy LLC
Landmark Real Estate
Larry Hughes
Lawrence Popiel
LCI Networking LTD
Lights Out Energy
Logan-Hocking Chamber of Commerce
Logical Communication Services, LLC
Lyons Consulting LLC
M&S SpeedForce, LLC.
Madison Blair and Co.
Magic Diamond Tools, Inc.
Marc Sosnowski
Mark Brickley
Mark Coffey
Mark Gahn
Matthews Marketing
Michael Capuano
Michigan 4 Energy LLC
Michigan Retailers Association
Midwest Energy Inc.
Midwest Utility Consultants , Inc.
Mike Kennedy
Monumental Energy LLC
MSI Utilities Inc
Muirfield Energy
Natalie Girard
National Energy Experts, Inc
National Sales Systems, LLC.
Nelsonville Area Chamber
New American Power
New River Group, LLC.
Nick Barlow
Nicolas Andreasson
North Shore Energy Consulting
OGW Energy Resources

OHIO EIC
Ohio Energy Management LLC
Ohio Industrials
On-Demand Energy, LP
One Source
Onyx Power & Gas Consulting
Open Energy LLC
Options Consulting Services
Palmer Energy Company, Inc.
Patricia Hancz
Paul Pickell
Performance Group of America LLC
Pickerington Area Chamber of Commerce
Power Bid
Pure Energy Source
RD Energy Inc.
Regor Energy Corporation
Revenue Group Salesloft Division
Rick Ebaugh
S J Cobb & Associates
SCEW
Schneider Electric fka Summit Energy Ser.
SCioto Energy
Shamie Development, Inc
Sheree Hill
Simple Energy
South East Energy Consultants LLC
Southern Energy Alliance & Holding
Steve Mintz
Strategic Energy Service
Sun Heating & Cooling Inc
Supernova Partners, LLC
Svetlana Newberry
Tacuma Swanson
Taylor Energy Partners LLC
Taylor Marketing Group
TEF Energy Solutions
Telecom Consulting
TES Energy Services
The Eagles Nest Worldwide
The Pragma Company LLC
Thomas Haefner
Tiffany Maholm
Tim O'Brien
Timothy C. Hall Jr
Tom Kozak

TPI Efficiency
Trajectory Services, LLC
Trane Energy Choice
Trebel LLC
Triple S Energy Management LLC
Triumph Purchasing Network Inc
Ty Branscum
URC Energy
USave Utilities LLC
Utilities Group
Utility Choice International
Utility Research Inc
Utility Savings Assn
VERB Energy LLC
Vibrant Energy Company
Vikron Energy
Village of Albany
Village of Barnesville
Village of Bethesda
Village of Bridgeport
Village Of Cadiz-
Village of Fredericktown
Village of Warsaw
WMS Inc.
Worthington Energy Consultants

**Payroll & Benefits**
Ameriflex Business Solutions
Guardian Insurance
Paylocity
Transamerica Retirement Services
Crest Retirement

**SG&A**
Aetna
Westfield Insurance
Call Insurance Agency, Inc.
Ohio BWC
CompManagement Health Systems, Inc. –
Sedgwick
Everest Indemnity Insurance Company
Cobbs Allen Capital, LLC dba CAC
Specialty
Astute Technology Management
AT&T U-verse
Cognitive Energy LLC.

Computer Voice Systems
EC Infosystems, Inc
Ice US OTC Commodity Markets LLC
Key Internet Systems
Quadient Leasing
Volli Communications
Hopkins Printing
Portfolio Creative, LLC.
Touchpoint Strategies
US Postmaster
American Express
Buckeye Culligan
Canon Financial Services
Cintas Corporation
Continental Message Solutions Inc
Crest Retirement
Local Waste Services LLC
Public Storage
Staples Business Credit
Columbia Gas of Ohio
Guardian Protection Services
Local Waste Services
South Central Power
LJC Real Estate Holdings, LLC
Ohio State Tax Department
PA UC Fund

**Customers**

Adams Township
Berlin Township
Bethel Township
Board of Commissioners Stark Co
Board of Erie County Commissioners
Brown Township
Cambridge Township
Canfield Township
City of Ashland
City of Bellefontaine
City of Bowling Green
City of Canfield
City of Celina
City of Clyde
City of Columbiana
City of Findlay
City of Fremont

City of Gallipolis
City of Greenville
City of Marion
City of North Canton
City of Ontario
City of Pickerington
City of Reynoldsburg
City of Salem
City of Shelby
City of Sidney
City of St. Clairsville
City of St. Marys
City of Uhrichsville
City of Washington Court House
City of Willard
City of Wilmington
City of Xenia
Clay Township
Cross Creek Township
Delaware Township
Etna Township
Franklin Township (Coshocton Co)
Franklin Township (Tuscarawasa Co)
Franklin Township (Warren County)
Genoa Township
German Township
Green Township
Greenville Township
Hamilton Township
Harlem Township
Harrison Township
Jackson Township
Jefferson Township
Lawrence Township
Liberty Township (Hancock Co)
Mad River Township
Madison Township (Clark Co)
Madison Township (Franklin County)
Marion Township
Medina County
Mill Township
Monroe Township
Morgan Township
Orange Township
Pease Township
Perrysburg Township

Pierce Township
Pike Township
Prairie Township
Richland Township
Salem Township
Saline Township
Sandy Township (Stark County)
Sandy Township (Tuscarawas County)
Scioto Township
Springfield Township
Steubenville Township
Sugar Creek Township (Tuscarawas County)
Troy Township
Tuscarawas Township
Viillage of Shawnee Hills
Village of Albany
Village of Ansonia
Village of Ashville
Village of Barnesville
Village of Bellville
Village of Bethesda
Village of Bradford
Village of Bradner
Village of Brewster
Village of Bridgeport
Village of Cadiz
Village of Corwin
Village of Covington
Village of Elmore
Village of Fort Loramie
Village of Fredericktown
Village of Grafton
Village of Greenfield
Village of Jeffersonville
Village of Killbuck
Village of Magnolia
Village of McConnelsville
Village of Milan
Village of Navarre
Village of New Waterford
Village of Pomeroy
Village of Russia
Village of Silverton
Village of Sunbury
Village of Warsaw

| | |
|---|---|
| Village of West Lafayette | Weller Township |
| Village of West Milton | York Township |
| Warren Township | 2727 Brice Road LLC aka Lindsay |
| Washington Township (Richland Co) | A and K Enterprises, Inc. |
| Wayne County East Union Twp | Atrium Real Estate II, LLC |
| Wayne Township (Jefferson County) | Big Lots Stores, Inc. -1 |
| Wayne Township (Warren County) | Big Lots Stores, Inc. -1 |
| Ballville Township | Big Lots Stores, Inc. -2 |
| Blooming Grove Township | Big Lots Stores, Inc. -2 |
| Butler Township (Richland Co) | Broad-Third Partners, Inc. |
| City of Campbell | Bryce Hill, Inc. (Build-A-Bear) |
| City of Girard | Build-A-Bear |
| City of Marietta | Central Ohio Farmers Co-Op, Inc. |
| City of Uhrichsville | Central Ohio Farmers Co-Op, Inc. |
| Concord Township | Central Ohio Farmers Co-Op, Inc. |
| Cross Creek Township | Central Ohio Farmers Co-Op, Inc. |
| Green Creek Township | Central Ohio Farmers Co-Op, Inc. |
| Green Township | Central Ohio Farmers Co-Op, Inc. |
| Harrison Township | Central Ohio Farmers Co-Op, Inc. |
| Jackson Township | Central Ohio Farmers Co-Op, Inc. |
| Jefferson Township (Richland Co) | Central Ohio Farmers Co-Op, Inc. |
| Lawrence Township | Central Ohio Farmers Co-Op, Inc. |
| Madison Township (Franklin Co) | Central Ohio Farmers Co-Op, Inc. |
| Mill Township | Central Ohio Farmers Co-Op, Inc. |
| Mingo Junction | Central Ohio Farmers Co-Op, Inc. |
| Montgomery Township | Central Ohio Farmers Co-Op, Inc. |
| Orange Township | Champaign Family YMCA |
| Prairie Township | Columbus International Aircenter |
| Sandusky Township | Columbus International Aircenter |
| Springfield Township | County Line Co-Op Inc. |
| Steubenville Township | County Line Co-Op Inc. |
| Sugarcreek Township (Stark Co) | C.O.W. Industries |
| Townsend Township | CSX Transportation, Inc. |
| Union Township (Licking Co) | Det Norske Veritas |
| Village of Cadiz | DRIV Automotive, Inc./Tenneco |
| Village of Elida | Automotive Operating Co. |
| Village of Minerva | Galion YMCA |
| Village of Polk | IBC Inc. |
| Village of Rayland | Industrial Nut Corporation |
| Village of Sunbury | Lucas Metropolitan Housing Authority |
| Village of St. Henry | Lucas Metropolitan Housing Authority |
| Village of Tiltonsville | The Mango Tree, Inc. |
| Village of Wintersville | Marion YMCA |
| Village of Yorkville | Marion YMCA |
| Washington Township (Richland Co) | Morral Companies, LLC |
| Washington Township (Sandusky Co) | Morral Companies, LLC |

Morral Companies, LLC
Morral Companies, LLC
Sandusky County YMCA
Scioto Country Club
Shelby YMCA
Sigma Tube Co.
Toledo Gaming Ventures, LLC dba
Hollywood Casino
Tumbleweed Restaurant's, Inc.
Uni-Grip, Inc.
United Fiberglass of America, Inc.
United Fiberglass of America, Inc.
US Tsubaki Power Transmission
US Tsubaki Power Transmission
Walgreen Co.
YMCA of Ross County
The Zimmerman Companies, LLC
Ascension of Our Lord Church
David Lassalle/Colonial Hall Apartments
Great Lakes Cold Logistics
Argonne Residence Inn LLC
Unarco Material Handling fka Clymer
Enterprises
Cleveland Heights Recreation Ctr
Energy Cooperative of Ohio
Formall Rubber Company
Parker Hannifin Corp.
Sunrise Cooperative Inc
Village of Oakwood, Ohio

**Taxing Authorities**
Adams County Treasurer Office
Allegheny County Treasurer Office
Allen County Treasurer Office
Ashland County Treasurer Office
Ashtabula County Treasurer Office
Athens County Treasurer Office
Auglaize County Treasurer Office
Belmont County Treasurer Office
Brown County Treasurer Office
Butler County Treasurer Office
Carrol County Treasurer Office
Champaign County Treasurer Office
Clark County Treasurer Office
Clermont County Treasurer Office
Clinton County Treasurer Office

City of Pickerington
Columbiana County Treasurer Office
Coshocton County Treasurer Office
Crawford County Treasurer Office
Cuyahoga County Treasurer Office
Defiance County Treasurer Office
Delaware County Treasurer Office
Drake County Treasurer Office
Erie County Treasurer Office
Fairfield County Treasurer Office
Fayette County Treasurer Office
Franklin County Treasurer Office
Fulton County Treasurer Office
Gallia County Treasurer Office
Geauga County Treasurer Office
Greene County Treasurer Office
Guernsey County Treasurer Office
Hamilton County Treasurer Office
Hancock County Treasurer Office
Hardin County Treasurer Office
Harrison County Assessor
Harrison County Treasurer Office
Henry County Treasurer Office
Highland County Treasurer Office
Hocking County Treasurer Office
Holmes County Treasurer Office
Huron County Treasurer Office
Internal Revenue Service
Jackson County Assessor's Office
Jackson County Treasurer Office
Jefferson County Treasurer Office
Kanawha County Office of the Assessor
Knox County Treasurer Office
Lake County Treasurer Office
Lawrence County Treasurer Office
Licking County Treasurer Office
Logan County Treasurer Office
Lorain County Auditor Office
Lucas County Treasurer Office
Madison County Treasurer Office
Mahoning County Treasurer Office
Marion County Treasurer Office
Marshall County Assessor's Office
Medina County Treasurer Office
Meigs County Treasurer Office
Mercer County Treasurer Office

Miami County Treasurer Office
Monroe County Treasurer Office
Montgomery County Treasurer Office
Morgan County Treasurer Office
Morrow County Treasurer Office
Muskingum County Treasurer Office
Noble County Treasurer Office
Ohio Department of Taxation
Ohio State Tax Department
Ottawa County Treasurer Office
Paulding County Treasurer Office
Pennsylvania Department of Revenue
Perry County Treasurer Office
Pickaway County Treasurer Office
Pike County Auditor Office
Pocahontas County Assessor's Office
Portage County Treasurer Office
Preble County Auditor Office
Preston County Assessor
Putnam County Assessor
Putman County Treasurer Office
Randolph County Assessor's Office
Richland County Treasurer Office
Ross County Treasurer Office
Sandusky County Treasurer Office
Scoito County Treasurer Office
Seneca County Treasurer Office
Shelby County Treasurer Office
Stark County Treasurer Office
Summit County Fiscal Office
Trumbull County Treasurer Office
Tuscarawas County Treasurer Office
Union County Treasurer Office
Van Wert County Treasurer Office
Vinton County Treasurer Office
Warren County Treasurer Office
Washington County Treasurer Office
Wayne County Treasurer Office
Wetzel County Assessor
Williams County Treasurer Office
Wirt County Assessor's Office
Wood County Assessor
Wood County Treasurer Office

Wyandot County Treasurer Office

**Regulatory Authorities**
Federal Energy Regulatory Commission
Kentucky Public Service Commission
Michigan Public Service Commission
Pennsylvania Public Utilities Commission
Public Utilities Commission of Ohio
U.S. Environmental Protection Agency

**Insurance**
Everest Indemnity Insurance Company
Westfield Insurance Company
Aetna
Westfield Insurance
Call Insurance Agency, Inc.

**U.S. Trustee Office**
MaryAnne Wilsbacher
Pamela Arndt
Jeremy Shane Flannery
Matthew McDonald
Dianna Dirr
Jeffrey Pfreim
Peter Sergakis
Jacquelyn Snyder
Kambria Beckstein
Kim Caton
Jodi Mulvaine
Melody Shade
Erick Van Bramer
Janet Smith