**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | Hearing: April 21, 2022 at 1:30 pm |
| | ) | Objection Deadline: April 17, 2022 |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF MCDERMOTT WILL &**
**EMERY LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN**
**POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Volunteer Energy Services, Inc., as debtor and debtor in possession (the "Debtor") in the

above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files this application (the

"Application"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the

Southern District of Ohio (the "Local Rules"), for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to employ and

retain McDermott Will & Emery LLP ("McDermott") as its attorneys, effective as of the Petition

Date (as defined below). In support of the Application, the Debtor relies upon the *Declaration of*

*Darren Azman in Support of the Debtor's Application for Entry of an Order Authorizing the*

*Retention and Employment of McDermott Will & Emery LLP as Counsel to the Debtor and*

---

[1]    The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's
corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

*Debtor in Possession Effective as of the Petition Date* (the "Azman Declaration"), a copy of which is attached hereto as **Exhibit B**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought herein are Bankruptcy Code section 327(a), Bankruptcy Rule 2014, Local Rule 2014-1, and *General Order No. 30-4* (the "General Order"), entered by the Court on February 24, 2021, which implemented and made effective the *Procedures for Complex Chapter 11 Cases* (the "Complex 11 Procedures") attached thereto.

## BACKGROUND

4.      The Debtor is a supplier of retail electricity and natural gas to commercial, industrial, and residential customers across Ohio, Michigan, Pennsylvania, and Kentucky. The Debtor currently has approximately 212,000 customers, many of whom are individuals participating in municipal aggregation arrangements that the Debtor has with various municipalities located in those states.

5.      On March 25, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7.      No trustee, examiner, creditors' committee, or other official committee has been

appointed in the Chapter 11 Case.

8.      Information regarding the Debtor's business operations, capital structure, and the

circumstances leading to the chapter 11 filing is set forth in the *Declaration of David Warner in*

*Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (Doc. 26) (the "First Day

Declaration"), which is incorporated herein by reference.

## RELIEF REQUESTED

9.      By the Application, the Debtor seeks entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit A**, authorizing the employment and retention

of McDermott as the Debtor's attorneys, effective as of the Petition Date.

## STANDARD FOR RETENTION

10.     A debtor in possession, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the trustee in carrying out the trustee's
> [or debtor in possession's] duties under this title.

11 U.S.C. § 327(a). Importantly, a professional person "is not disqualified for employment under

section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's

employment by or representation of the debtor before the commencement of the case." 11 U.S.C.

§ 1107(b).

11.     Bankruptcy Rule 2014 and Local Rule 2014-1 set forth the requirements for an

application seeking authority to employ a professional under Bankruptcy Code section 327(a). In

any such application, the applicant must:

> a.      show that the employment is necessary and describe the reasons for
> selecting the professional, Fed. R. Bankr. P. 2014(a);

3

b.     describe the professional services to be rendered, *id.*;

c.     describe the proposed arrangement for compensation of the professional, *id.*;

d.     disclose any connections of the professional to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, *id.*;

e.     disclose the professional's customary and proposed hourly rates, LBR 2014-1(b)(1);

f.     disclose the amount, date paid, and source of any fees paid to the professional from a period of one (1) year prior to the filing of the petition through the time of the application, LBR 2014-1(b)(2); and

g.     disclose the amount, date paid, and source of any retainer sought or received by the professional within such period, LBR 2014-1(b)(3).

12.     In addition to the above, the application must also be accompanied by an affidavit or verified statement of the person to be employed:

a.     setting forth the professional's connections with the debtor, the trustee, any creditors, any equity security holder of the debtor, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the Office of the United States Trustee, Fed. R. Bankr. P. 2014; LBR 2014-1(c)(1);

b.     establishing the lack of any adverse interest to the estate, LBR 2014-1(c)(2); and

c.     establishing that the proposed employment is not prohibited by or improper under Federal Rule of Bankruptcy Procedure 5002, LBR 2014-1(c)(3).

## **BASIS FOR RETENTION**

13.     McDermott's representation of the Debtor began in February 2022, when the Debtor retained McDermott in connection with restructuring matters and consideration of strategic alternatives, including a potential asset sale to be conducted within a chapter 11 case. Prior to the Petition Date, McDermott advised the Debtor with respect to its financial situation

and assisted the Debtor with negotiating a sale of all or substantially all of the Debtor's assets and with preparing for this Chapter 11 Case.

14.     The Debtor selected McDermott as its restructuring counsel because of McDermott's expertise with debtors' and creditors' rights and business reorganization under chapter 11 of the Bankruptcy Code. The Debtor believes that McDermott has assembled a highly-qualified team of professionals and paraprofessionals to provide services to the Debtor during the Chapter 11 Case. The Debtor further believes that McDermott has the knowledge and experience necessary to deal effectively with the issues that will arise in the Chapter 11 Case, and that McDermott's continued representation of the Debtor is critical to the success of this Chapter 11 Case.

15.     McDermott attorneys have been actively involved in major chapter 11 cases and represented debtors in many cases, including, among others: *In re Quorum Health Corp.*, Case No. 20-10766 (KBO) (Bankr D. Del. Apr. 7, 2020); *In re Melinta Therapeutics, Inc.*, Case No. 19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Furie Operating Alaska, LLC*, No. 19-11781 (LSS) (Bankr. D. Del. Aug. 9, 2019); *In re SportCo Holdings, Inc.*, No. 19-11299 (LSS) (Bankr. D. Del. June 10, 2019); and *In re Trident Holding Co., LLC*, No. 19-10384 (SHL) (Bankr. S.D.N.Y. Feb. 10, 2019). In addition, attorney Darren Azman, who will be the McDermott partner primarily responsible for representing the Debtor in this Chapter 11 Case, has significant experience with chapter 11 cases involving retail energy providers, including: *In re Agera Energy LLC*, No. 19-23802 (RDD) (Bankr. S.D.N.Y. Oct. 4, 2019) (counsel to the debtor); *In re Entrust Energy, Inc.* No. 21-31070 (MI) (Bankr. S.D. Tex. March 30, 2021) (counsel to creditors committee); and *In re Griddy Energy LLC*, No. 21-30923 (MI) (Bankr. S.D. Tex. March 15, 2021) (counsel to creditors committee).

16.     In preparing for its representation of the Debtor in the Chapter 11 Case,

McDermott has become familiar with the Debtor and many of the potential legal issues that may

arise in the context of the Chapter 11 Case. The Debtor believes that McDermott is both well-

qualified and uniquely able to represent the Debtor in the Chapter 11 Case in an efficient and

timely manner.

## SERVICES TO BE PROVIDED

17.     Subject to further order of the Court and in accordance with that certain

engagement letter dated as of February 2, 2022 (the "Engagement Letter"), the Debtor requests

the retention and employment of McDermott to render the following legal services:

a.     advising the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its business and properties;

b.     advising and consulting on the conduct of the Chapter 11 Case, including all of the legal and administrative requirements of operating in chapter 11;

c.     attending meetings and negotiating with representatives of the Debtor's creditors and other parties in interest;

d.     taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

e.     preparing pleadings in connection with the Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

f.     advising the Debtor in connection with any disposition of assets;

g.     appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

h.     advising the Debtor regarding tax matters;

i.     advising the Debtor regarding insurance and regulatory matters;

6

   j.  taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

   k.  performing all other necessary legal services for the Debtor in connection with the prosecution of the Chapter 11 Case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor's property; and (iii) advising the Debtor on corporate and litigation matters.

## **PROFESSIONAL COMPENSATION**

18.  Unless otherwise order by the Court, the Complex 11 Procedures will govern the payment and application process for the professional fees and expenses billed by McDermott. Subject to the terms and requirements set forth in the Complex 11 Procedures, McDermott will be entitled to the provisional payment of 90% of the undisputed fees and 100% of the undisputed expenses identified on each Monthly Statement (as such term is defined in the Complex 11 Procedures), prior to entry of an interim or final order allowing or awarding McDermott such fees and expenses. McDermott will make timely applications to the Court for allowance of compensation and reimbursement of expenses in accordance with the Complex 11 Procedures and any orders of the Court, and all such applications will comply with the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court.

19.  The names, positions, and applicable hourly rates of the McDermott attorneys currently expected to have primary responsibility for providing services to the Debtor are as follows:

| Attorney | Position / Department | Hourly Rate |
|---|---|---|
| Darren Azman | Partner / Corporate Advisory | $1,170 |
| Stacy Lutkus | Employee Counsel / Corporate Advisory | $1,020 |
| Gregg Steinman | Associate / Corporate Advisory | $940 |
| Daniel Thomson | Associate / Corporate Advisory | $905 |
| Natalie Rowles | Associate / Corporate Advisory | $870 |

20.    Additionally, other McDermott professionals and paraprofessionals may provide services to the Debtor in connection with this Chapter 11 Case. The current hourly rate ranges for other McDermott professionals and paraprofessionals who may work on this Chapter 11 Case are as follows:

| Billing Category | U.S. Range |
|---|---|
| Partners | $950 – $1,305 |
| Employee Counsel | $525 – $1,020 |
| Associates | $580 – $940 |
| Paraprofessionals | $70 – $435 |

21.    McDermott's hourly rates are set at a level designed to compensate McDermott fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. McDermott will maintain records in support of its fees in one-tenth of an hour increments, and such records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of services provided.

22.    It is McDermott's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also McDermott's policy to charge its clients only the amount actually incurred by McDermott in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, computer-assisted legal research, photocopying, airfare, meals, and lodging. In addition, McDermott professionals also may charge their overtime meals and overtime transportation to the Debtor consistent with prepetition practices.

23.     Since the Debtor's retention of McDermott, McDermott received the following

payments (including retainers) from the Debtor:

    a.    On February 3, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as a retainer;

    b.    On February 16, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

    c.    On February 25, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

    d.    On March 7, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

    e.    On March 8, 2022, the amount of $374,847.34 was paid to McDermott from funds being held in McDermott's trust account in satisfaction of professional fees and expenses incurred by the Debtor through February 28, 2022;

    f.    On March 17, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

    g.    On March 23, 2022, McDermott received the amount of $50,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

    h.    On March 25, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer; and

    i.    On March 25, 2022, the amount of $558,915.00 was paid to McDermott from funds being held in McDermott's trust account in satisfaction of professional fees and expenses incurred by the Debtor from March 1, 2022 through March 25, 2022.

24.     As of the Petition Date, the sum of $16,237.66 remained on deposit in

McDermott's trust account as and for a retainer balance. As of the Petition Date, the Debtors did

not owe McDermott any amounts for legal services rendered before the Petition Date. Although

certain expenses and fees may have been incurred but not yet applied to McDermott's advance

payment retainer, the amount of McDermott's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred prior to the Petition Date.

## MCDERMOTT'S DISINTERESTEDNESS

25.     To the best of the Debtor's knowledge and in reliance on the Azman Declaration, and except as otherwise set forth in the Application and in the Azman Declaration, McDermott: (a) has no connection with the Debtor, its creditors, any equity holder of the Debtor, any other party in interest, the attorneys or accountants of any of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee; (b) is not, and was not within 2 years before the Petition Date, a director, officer, or employee of the Debtor; (c) does not hold any interest adverse to the Debtor's estate; and (d) believes that it is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14).

26.     Further, as set forth in the Azman Declaration, McDermott is not related to or connected with any judge of this Court, any judge of the United States District Court for the Southern District of Ohio, or the U.S. Trustee for the region serving this District, such that the Debtor's employment of McDermott would be improper under Bankruptcy Rule 5002.

27.     McDermott has further informed the Debtor that, throughout the Chapter 11 Case, McDermott will review its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, McDermott will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## MOTION PRACTICE

28.     This Application includes citations to the applicable rules and statutory authorities

upon which the relief requested herein is predicated and a discussion of their application to this

Application. Accordingly, the Debtor submits that this Application satisfies Local Rule 9013-

1(a).

## NOTICE

29.     The Debtor will provide notice of the Application to: (a) the United States

Trustee; (b) counsel to PNC Bank, National Association; (c) the holders of the 20 largest

unsecured claims against the Debtor; (d) all official committees appointed, as of the filing of this

Motion, in the Chapter 11 Case and their counsel; (e) the offices of the attorneys general for

Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia; (f) the United States Attorney's

Office for the Southern District of Ohio; (g) the Internal Revenue Service; (h) the Debtor's state

and local taxing authorities in Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia; (i)

the Public Utilities Commission of Ohio, Pennsylvania Public Utilities Commission, Kentucky

Public Service Commission, and Michigan Public Service Commission; (j) the U.S.

Environmental Protection Agency; (k) the Federal Energy Regulatory Commission; and (l) any

party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in

light of the nature of the relief requested, no other or further notice is required.

## NO PRIOR REQUEST

30.     No prior application for the relief requested herein has been made to this or any

other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order,

substantially in the form of the Proposed Order attached hereto as **Exhibit A**, authorizing the

Debtor to employ and retain McDermott Will & Emery LLP as its attorneys effective as of the

Petition Date, and granting such other relief as the Court deems appropriate.

Dated:  April [4], 2022
        Columbus, Ohio

/s/ DRAFT _____
David Warner
Chief Financial Officer
Volunteer Energy Services, Inc.

Prepared by:

/s/ DRAFT _____
David M. Whittaker    (0019307)
Philip K. Stovall      (0090916)
ISAAC WILES & BURKHOLDER, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
Tel:    (614) 221-2121
Fax:    (614) 365-9516
Email  dwhittaker@isaacwiles.com
        pstovall@isaacwiles.com

- and -

Darren Azman (admitted *pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:    (212) 547-5400
Fax:    (212) 547-5444
Email  dazman@mwe.com
        nrowles@mwe.com

*Proposed Counsel to the Debtor*

## **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
|  | ) |  |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
|  | ) |  |
|  | ) |  |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
MCDERMOTT WILL & EMERY LLP AS COUNSEL TO THE DEBTOR AND
DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE
[RELATED TO DOCKET NO. [___]]**

Upon the application (the "Application")[2] of the Debtor for entry of an order (this

"Order"), pursuant to Bankruptcy Code section 327(a), Bankruptcy Rule 2014, and Local Rule

2014-1, authorizing the Debtor to retain and employ McDermott Will & Emery LLP

("McDermott"), effective as of the Petition Date; and upon consideration of the Azman

---

[1]   The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

Declaration in support of the Application and the First Day Declaration; and the Court being

satisfied that McDermott is a "disinterested person" as such term is defined under Bankruptcy

Code section 101(14); and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the Standing Order of Reference entered in this District; and the matter

being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this

proceeding and the Application being proper in this District pursuant to 28 U.S.C. §§ 1408 and

1409; and due and adequate notice of the Application having been given; and it appearing that no

other or further notice is necessary; and it appearing that the relief requested in the Application is

in the best interests of the Debtor, its estate, creditors, and other parties in interest; and after due

deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Application is granted as set forth herein.

2.      Pursuant to Bankruptcy Code section 327(a), the Debtor is authorized to retain

and employ McDermott as its attorneys in the Chapter 11 Case effective as of the Petition Date.

3.      The *Procedures for Complex Chapter 11 Cases* (the "Complex 11 Procedures")

implemented and made effective by *General Order No. 30-4*, entered by the Court on February

24, 2021, shall govern the payment and application process for the professional fees and

expenses billed by McDermott. Subject to the terms and requirements set forth in the Complex

11 Procedures, McDermott shall be entitled to the provisional payment of 90% of the undisputed

fees and 100% of the undisputed expenses identified on each Monthly Statement (as such term is

defined in the Complex 11 Procedures), prior to entry of an interim or final order allowing or

awarding McDermott such fees and expenses. Notwithstanding anything to the contrary

contained herein, all parties in interest shall have the right to object to McDermott's interim and

final applications for compensation and reimbursement of out-of-pocket expenses based on the

reasonableness standard set forth in Bankruptcy Code section 330.

      4.      The Debtor and McDermott are authorized to take all actions necessary to

effectuate the relief granted pursuant to this Order.

      5.      The Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and/or enforcement of this Order.

      **SO ORDERED.**

Copies to: Default List

## **Exhibit B**

**Azman Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | |
| | ) | |

**DECLARATION OF DARREN AZMAN IN SUPPORT OF DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF MCDERMOTT WILL &
EMERY LLP AS COUNSEL TO THE DEBTOR AND DEBTOR IN
POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Darren Azman, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.     I am a partner in the law firm of McDermott Will & Emery LLP ("McDermott"), which has an office at, among other locations, One Vanderbilt Avenue, New York, New York 10017-3852. I am a member in good standing of the Bars of the States of Massachusetts and New York. There are no disciplinary proceedings pending against me.

2.     I submit this declaration (the "Declaration") in support of the *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of McDermott Will & Emery LLP as Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1]     The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2]     Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

## <u>MCDERMOTT'S QUALIFICATIONS</u>

3.      McDermott's representation of the Debtor began in February 2022, when the

Debtor retained McDermott in connection with restructuring matters and consideration of

strategic alternatives, including a potential asset sale to be conducted within a chapter 11 case.

Prior to the Petition Date, McDermott advised the Debtor with respect to its financial situation

and assisted the Debtor with negotiating a sale of all or substantially all of the Debtor's assets

and preparing for this Chapter 11 Case.

4.      McDermott has extensive expertise with debtors' and creditors' rights and

business reorganization under chapter 11 of the Bankruptcy Code and has assembled a highly-

qualified team of professionals and paraprofessionals to provide services to the Debtor during the

Chapter 11 Case. I believe that McDermott has the knowledge and experience necessary to deal

effectively with the issues that will arise in the Chapter 11 Case and that McDermott's continued

representation of the Debtor is critical to the Debtor accomplishing the objectives of the Chapter

11 Case.

5.      McDermott attorneys have been actively involved in major chapter 11 cases and

represented debtors in many cases, including, among others: *In re Quorum Health Corp.*, Case

No. 20-10766 (KBO) (Bankr D. Del. Apr. 7, 2020); *In re Melinta Therapeutics, Inc.*, Case No.

19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Furie Operating Alaska, LLC*, No. 19-

11781 (LSS) (Bankr. D. Del. Aug. 9, 2019); *In re SportCo Holdings, Inc.*, No. 19-11299 (LSS)

(Bankr. D. Del. June 10, 2019); and *In re Trident Holding Co., LLC*, No. 19-10384 (SHL)

(Bankr. S.D.N.Y. Feb. 10, 2019). In addition, I personally have significant experience with

chapter 11 cases involving retail energy providers, including: *In re Agera Energy LLC*, No. 19-

23802 (RDD) (Bankr. S.D.N.Y. Oct. 4, 2019) (counsel to the debtor); *In re Entrust Energy, Inc.*

No. 21-31070 (MI) (Bankr. S.D. Tex. March 30, 2021) (counsel to creditors committee); and *In re Griddy Energy LLC*, No. 21-30923 (MI) (Bankr. S.D. Tex. March 15, 2021) (counsel to creditors committee).

6.       In preparing for its representation of the Debtor in the Chapter 11 Case, McDermott became familiar with the Debtor and many of the potential legal issues that may arise in the context of the Chapter 11 Case. In sum, I believe that McDermott is both well-qualified and uniquely able to represent the Debtor in the Chapter 11 Case in an efficient and timely manner.

## SERVICES TO BE PROVIDED

7.       Subject to further order of the Court and the Engagement Letter, McDermott will render, without limitation, the following legal services to the Debtor:

    a.       advising the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its business and properties;

    b.       advising and consulting on the conduct of the Chapter 11 Case, including all of the legal and administrative requirements of operating in chapter 11;

    c.       attending meetings and negotiating with representatives of the Debtor's creditors and other parties in interest;

    d.       taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

    e.       preparing pleadings in connection with the Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

    f.       advising the Debtor in connection with any disposition of assets;

    g.       appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

h.       advising the Debtor regarding tax matters;

i.        advising the Debtor regarding insurance and regulatory matters;

j.        taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.       performing all other necessary legal services for the Debtor in connection with the prosecution of the Chapter 11 Case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor's property; and (iii) advising the Debtor on corporate and litigation matters.

## PROFESSIONAL COMPENSATION

8.       Unless otherwise order by the Court, McDermott intends that the Complex 11 Procedures will govern the payment and application process for the professional fees and expenses billed by McDermott. It is McDermott's understanding that, subject to the terms and requirements set forth in the Complex 11 Procedures, McDermott will be entitled to the provisional payment of 90% of its undisputed fees and 100% of its undisputed expenses identified on each Monthly Statement (as such term is defined in the Complex 11 Procedures), prior to entry of an interim or final order allowing or awarding McDermott such fees and expenses. McDermott will make timely applications to the Court for allowance of compensation and reimbursement of expenses in accordance with the Complex 11 Procedures and any orders of the Court, and all such applications will comply with the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court.

9.       The names, positions, and applicable hourly rates of the McDermott attorneys currently expected to have primary responsibility for providing services to the Debtor are as follows:

| Attorney | Position / Department | Hourly Rate |
|---|---|---|
| Darren Azman | Partner / Corporate Advisory | $1,170 |
| Stacy Lutkus | Employee Counsel / Corporate Advisory | $1,020 |
| Gregg Steinman | Associate / Corporate Advisory | $940 |
| Daniel Thomson | Associate / Corporate Advisory | $905 |
| Natalie Rowles | Associate / Corporate Advisory | $870 |

10.     Additionally, other McDermott professionals and paraprofessionals may provide services to the Debtor in connection with this Chapter 11 Case. The current hourly rate ranges for other McDermott professionals and paraprofessionals who may work on this Chapter 11 Case are as follows:

| Billing Category | U.S. Range |
|---|---|
| Partners | $950 – $1,305 |
| Employee Counsel | $525 – $1,020 |
| Associates | $580 – $940 |
| Paraprofessionals | $70 – $435 |

11.     McDermott's hourly rates are set at a level designed to compensate McDermott fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. McDermott will maintain records in support of its fees in one-tenth of an hour increments, and such records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of services provided.

12.     It is McDermott's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also McDermott's policy to charge its clients only the amount actually incurred by McDermott in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, computer-assisted legal research, photocopying, airfare, meals, and lodging. In

addition, McDermott professionals also may charge their overtime meals and overtime

transportation to the Debtor consistent with prepetition practices.

13.     Since the Debtor's retention of McDermott, McDermott received the following

payments (including retainers) from the Debtor:

a.     On February 3, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as a retainer;

b.     On February 16, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

c.     On February 25, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

d.     On March 7, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

e.     On March 8, 2022, the amount of $374,847.34 was paid to McDermott from funds being held in McDermott's trust account in satisfaction of professional fees and expenses incurred by the Debtor through February 28, 2022;

f.     On March 17, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

g.     On March 23, 2022, McDermott received the amount of $50,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer;

h.     On March 25, 2022, McDermott received the amount of $150,000 from the Debtor, which McDermott deposited in its trust account as an additional retainer; and

i.     On March 25, 2022, the amount of $558,915.00 was paid to McDermott from funds being held in McDermott's trust account in satisfaction of professional fees and expenses incurred by the Debtor from March 1, 2022 through March 25, 2022.

14.     As of the Petition Date, the sum of $16,237.66 remained on deposit in

McDermott's trust account as and for a retainer balance. As of the Petition Date, the Debtors did

not owe McDermott any amounts for legal services rendered before the Petition Date. Although

certain expenses and fees may have been incurred but not yet applied to McDermott's advance

payment retainer, the amount of McDermott's advance payment retainer always exceeded any

amounts listed or to be listed on statements describing services rendered and expenses incurred

prior to the Petition Date.

15.    McDermott has neither shared nor agreed to share (a) any compensation it has

received or may receive with another party or person, other than with the partners, associates,

and contract attorneys associated with McDermott or (b) any compensation another person or

party has received or may receive.

## MCDERMOTT'S DISINTERESTEDNESS

16.    In connection with its proposed retention by the Debtor in the Chapter 11 Case,

McDermott undertook to determine whether it had any conflicts or other relationships that might

cause it not to be disinterested or to hold or represent an interest adverse to the Debtor.

Specifically, McDermott obtained from the Debtor and its representatives the names of

individuals and entities that may be parties in interest in the Chapter 11 Case (the "Potential

Parties in Interest"), which parties are listed on **Schedule 1** hereto. McDermott has searched its

electronic database for its connections to the entities listed on **Schedule 1**. To the extent that I

have been able to ascertain that McDermott has been retained within the last three years to

represent any of the Potential Parties in Interest in matters unrelated to the Chapter 11 Case, such

facts are disclosed on **Schedule 2** attached hereto.[3]

---

[3]    As referenced in Schedule 2, the term "current client" means a client to whom time was posted in the 12 months
preceding the Petition Date. As referenced in Schedule 2, the term "former client" means a client to whom time
was posted between 12 and 36 months preceding the Petition Date, but for whom no time has been posted in the
12 months preceding the Petition Date. As referenced in Schedule 2, the term "closed client" means a client to
whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has
been closed. As a general matter, McDermott discloses connections with former clients or closed clients for

17.   The following is a list of categories that McDermott has searched:[4]

| Schedule | Category |
|---|---|
| 1(a) | Debtor |
| 1(b) | Debtor's Equity Security Holder |
| 1(c) | Bankruptcy Judges and Staff |
| 1(d) | Bankruptcy and Other Professionals |
| 1(e) | Banks and Lenders |
| 1(f) | Current and Former Directors and Officers |
| 1(g) | Energy – Utility/LDC Counterparties |
| 1(h) | Energy – Hedges |
| 1(i) | Energy – Supplier |
| 1(j) | Energy – Pipeline/Transmission |
| 1(k) | Energy – ISO |
| 1(l) | Energy – Utility/LDC Other |
| 1(m) | Energy – RECs |
| 1(n) | Energy – Supplier (Local) |
| 1(o) | Energy – Surety Bond |
| 1(p) | Broker/Channel Partners |
| 1(q) | Payroll & Benefits |
| 1(r) | SG&A |
| 1(s) | Customers |
| 1(t) | Taxing Authorities |
| 1(u) | Regulatory Authorities |
| 1(v) | Insurance |
| 1(w) | U.S. Trustee Office |
| 1(x) | Potential Buyers |

18.   Generally, it is McDermott's policy to disclose clients in the capacity that they first appear in a conflicts search. For example, if a client already has been disclosed in this Declaration in one capacity (*e.g.*, a creditor), and the client appears in a subsequent conflicts search in a different capacity (*e.g.*, a landlord), McDermott does not disclose the same client again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

---

whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

[4]   McDermott's inclusion of parties in the following Schedules is solely to illustrate McDermott's conflict search process and is not an admission that any party has a valid claim against the Debtor or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtor of the nature described in the schedules.

19.     For the avoidance of doubt, McDermott will not commence a cause of action in the Chapter 11 Case against the parties listed on **Schedule 2** that are current or ongoing clients of McDermott (including parties listed below under the "Specific Disclosures" section of this Declaration) unless McDermott has an applicable waiver on file or first receives a waiver from such party allowing McDermott to commence such an action. To the extent that a waiver does not exist or is not obtained from such client and it is necessary for the Debtor to commence an action against that client, the Debtor will be represented in such particular matter by proposed co-counsel to the Debtor in this Chapter 11 Case.

20.     None of the clients listed on **Schedule 2** represent more than one percent of McDermott's fee receipts for the twelve-month period ending on March 21, 2022.

**SPECIFIC DISCLOSURES**

21.     McDermott and certain of its partners and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest in the Chapter 11 Case in connection with matters unrelated (except as otherwise disclosed herein) to the Debtor and the Chapter 11 Case. Moreover, McDermott's conflicts search of the parties in interest listed on **Schedules 1(a)–1(x)** (that McDermott was able to locate using its reasonable efforts) reveals, to the best of McDermott's knowledge, that those McDermott attorneys and paraprofessionals who previously worked at other law firms that represented certain Potential Parties in Interest in the Chapter 11 Case have not worked on matters relating to the Debtor's restructuring efforts while at McDermott.

22.     As specifically set forth below and in the attached exhibits, McDermott represents certain of the Debtor's creditors or other parties in interest in ongoing matters unrelated to the Debtor. None of the representations described herein are materially adverse to the interests of the

9

Debtor's estate, and each of McDermott's representations of the Debtor's creditors or other parties in interest accounts for less than one percent of McDermott's fees received for the 12-month period ending March 21, 2022. Moreover, pursuant to Bankruptcy Code section 327(c), McDermott is not disqualified from acting as the Debtor's counsel merely because it represents certain of the Debtor's creditors and other parties in interest in matters unrelated to the Debtor and the Chapter 11 Case.

**A.    Connections to Parties in Interest**

23.    As disclosed in **<u>Schedule 2</u>**, McDermott currently represents the following Potential Parties in Interest or an affiliate thereof: AES Corporation; Aetna Inc.; AT&T; Bank of America; Columbia Gas of Ohio; Dayton Power & Light Company; DRIV Automotive, Inc./Tenneco; DTE Energy Trading Inc.; Enstar Energy LLC; Guardian Insurance; Nextera Energy Marketing LLC; NRG Energy, Inc.; Ohio Power Company; One Source; Paylocity; Schneider Electric; Transamerica Retirement Services; USI; and Walgreen Co. (collectively, the "<u>Specific Parties</u>"). McDermott's representation of the Specific Parties was limited to matters wholly unrelated to the Debtor and the Chapter 11 Case. None of the Specific Parties represent more than one percent of McDermott's fee receipts for the twelve-month period ending on the Petition Date. McDermott has not represented and will not represent the Specific Parties in connection with any matter in the Chapter 11 Case.

24.    Certain insurance companies pay the legal bills of McDermott clients. Some of these insurance companies may be involved in the Chapter 11 Case. None of these insurance companies, however, are McDermott clients as a result of the fact that they pay legal fees on behalf of McDermott clients.

**B.      Connections to Professionals**

25.      As disclosed in **Schedule 2**, McDermott currently represents Dentons Cohen &

Grigsby PC, which served as counsel to the Debtor in pre-petition litigation unrelated to the

Chapter 11 Case. All McDermott representations of this entity have been in matters unrelated to

the Debtor and the Chapter 11 Case. McDermott has not represented and will not represent such

professional in connection with any matter in the Chapter 11 Case.

**C.      McDermott Attorney & Employee Investments**

26.      From time to time, McDermott partners, of counsel, associates, and employees

may personally directly acquire a debt or equity security of a company which may be the Debtor,

its creditors, or other parties in interest in the Chapter 11 Case. McDermott has a long-standing

policy prohibiting attorneys and employees from using confidential information that may come

to their attention in the course of their work. In this regard, all McDermott attorneys and

employees are barred from trading in securities with respect to which they possess confidential

information.

**AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS**

27.      Based on the conflicts search conducted to date and described herein, to the best

of my knowledge and insofar as I have been able to ascertain, (a) McDermott does not hold or

represent any interest adverse to the Debtor or its estate, (b) McDermott is a "disinterested

person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy

Code section 327(a), and (c) McDermott has no connection with the Debtor, its creditors, or any

other party in interest, or their respective attorneys and accountants, the U.S. Trustee, or any

person employed in the Office of the same, except as disclosed or otherwise described herein.

28.      Further, McDermott is not related to or connected with any judge of the United

States Bankruptcy Court for the Southern District of Ohio, any judge of the United States District

Court for the Southern District of Ohio, or the U.S. Trustee for the region serving this District,

such that the Debtor's employment of McDermott would be rendered improper under

Bankruptcy Rule 5002.

29.     McDermott will review its files periodically during the pendency of the Chapter

11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new

relevant facts or relationships are discovered or arise, McDermott will use reasonable efforts to

identify such further developments and will promptly file a supplemental declaration, as required

by Bankruptcy Rule 2014(a). If necessary, McDermott will arrange for an "ethical wall" with

respect to any McDermott attorney who worked on a matter giving rise to a conflict or

McDermott's co-counsel will be solely responsible for representing the Debtor with respect to

such particular matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated: April [4], 2022                    Respectfully submitted,

                                          /s/ DRAFT
                                          Darren Azman
                                          Partner
                                          McDermott Will & Emery LLP

12

## <u>Schedule 1</u>

**List of Schedules**

| <u>Schedule</u> | <u>Category</u> |
|---|---|
| 1(a) | Debtor |
| 1(b) | Debtor's Equity Security Holder |
| 1(c) | Bankruptcy Judges and Staff |
| 1(d) | Bankruptcy and Other Professionals |
| 1(e) | Banks and Lenders |
| 1(f) | Current and Former Directors and Officers |
| 1(g) | Energy – Utility/LDC Counterparties |
| 1(h) | Energy – Hedges |
| 1(i) | Energy – Supplier |
| 1(j) | Energy – Pipeline/Transmission |
| 1(k) | Energy – ISO |
| 1(l) | Energy – Utility/LDC Other |
| 1(m) | Energy – RECs |
| 1(n) | Energy – Supplier (Local) |
| 1(o) | Energy – Surety Bond |
| 1(p) | Broker/Channel Partners |
| 1(q) | Payroll & Benefits |
| 1(r) | SG&A |
| 1(s) | Customers |
| 1(t) | Taxing Authorities |
| 1(u) | Regulatory Authorities |
| 1(v) | Insurance |
| 1(w) | U.S. Trustee Office |
| 1(x) | Potential Buyers |

## **Schedule 1(a)**

### **Debtor**

Volunteer Energy Services, Inc.

**Schedule 1(b)**

**Debtor's Equity Security Holder**

Richard A. Curnutte, Sr.

**<u>Schedule 1(c)</u>**

**Bankruptcy Judges and Staff**

Chief Judge John E. Hoffman, Jr.
Judge Jeffery P. Hopkins
Judge C. Kathryn Preston
Judge Guy R. Humphrey
Judge Beth A. Buchanan
Judge Mina Nami Khorami
Kristie Vickers
Brian Gifford
Susan Thompson
Karli Fisher
Laura Atack
Benedict Wiesner
Tom Kisor
Konrad Starostka
Neil Berman
Elizabeth Rogers
A. Ryan Cunningham
Colleen Militello
Heather Gilliam
Rebecca Hess
Kristin Wehrmann
Susie Cioffi

## **Schedule 1(d)**

### **Bankruptcy and Other Professionals**

AEG Affiliated Energy Group
B. Riley Financial, Inc.
Blank Rome LLP
Boehm Kurtz & Lowry
Carlile Patchen & Murphy LLP
Clark Schaeffer Hackett
Dentons Cohen & Grigsby PC
Epiq Corporate Restructuring LLC
Gallagher Law
Ice Miller LLP
Isaac Wiles & Burkholder, LLC
The Keystone Group
McDermott Will & Emery LLP
McDonald Hopkins LLC
McNees Wallace & Nurick LLC
Sidley Austin LLP
Standley Law Group LLP
Tidwell Group
Wilke & Associates LLP

## **Schedule 1(e)**

**Banks and Lenders**

PNC Bank, National Association
PNC Capital Markets LLC

## <u>Schedule 1(f)</u>

### Current and Former Directors and Officers

Richard A. Curnutte
John L. Einstein
David Warner
Anthony Digioia, Jr.
Richard A. Curnutte, Jr.
Jeffrey M. Horsley
Marc C. Runck

**<u>Schedule 1(g)</u>**

**Energy – Utility/LDC Counterparties**

AEP Ohio Power
AES Corporation
American Electric
Columbia Gas of Kentucky
Columbia Gas of Ohio
Columbia Gas of Pennsylvania
Consumers Energy Co
Dominion Energy - Ohio
DPL - Dayton Power & Light Company
DTE Gas Company
Duke Energy
First Energy
MGU - Michigan Gas Utilities
Ohio Power Co - Distribution
Peoples Natural Gas Co
Semco Central
The East Ohio Gas Company
Vectren aka Centerpoint Energy
WE Energies

## **Schedule 1(h)**

**Energy – Hedges**

Bank of America
Nextera Energy Marketing LLC
StoneX Group (FC Stone)
Interactive Brokers
Ice US OTC Commodity Markets LLC

**Schedule 1(i)**

**Energy – Supplier**

Arm Energy
BP
CarbonBetter LLC
DTE Energy Trading Inc
ECO-Energy
ICE - Intercontinental Exchange
Sequent Energy Management
Shell Energy North America (US) LP
Snyder Brothers
Texla Energy Management Inc

## Schedule 1(j)

**Energy – Pipeline/Transmission**

ANR Pipeline Company
Columbia Gas Transmission Corp.
Dominion Energy Transmission, Inc. aka Eastern Gas Transmission
Nexus Gas Transmission LLCX (US)
Panhandle Eastern Pipe Line
Rockies Express Pipeline
Tennessee Gas Pipeline Company
Texas Eastern Transmission LP
Trunkline Gas Company LLC
Transco Gas PipeLine

**<u>Schedule 1(k)</u>**

**Energy – ISO**

PJM Settlement Inc.

## Schedule 1(l)

**Energy – Utility/LDC Other**

American Electric Power
Dominion East Ohio Gas
Ohio Edison Company
The Illuminating Company
Toledo Edison Company

## **Schedule 1(m)**

**Energy – RECs**

Spectron Energy Inc.
ICAP
3Degrees Group Inc.

**Schedule 1(n)**

**Energy – Supplier (Local)**

American Energy Services
B & E Resources LLC
Beardmore Producing Co
Big Sand Drilling Company Inc
Blessing Acres Properties LLC
Bruce Maendel
C&D Oil and Gas LLC
Cambrian Hunter, Inc.
Cedar Valley
Don Bandy
G & O Resources, LTD
Gress Oil & Gas
JD Gas & Oil Inc
John Campton
Oil Field Service, Inc
OOGA - Ohio Oil & Gas Association
Ohio Oil & Gas Energy Education Program - OOGEEP
Pete & Violet Schoeni
Red Hill Development Co
S & S Energy Corporation
T & F Exploration
Triple B, LLC
Zoran Oil & Gas

## **Schedule 1(o)**

**Energy – Surety Bond**

Capital Indemnity
Cincinnati Insurance
Great American Insurance
Trimble Insurance Agency
USI insurance

**Schedule 1(p)**

**Broker/Channel Partners**

ABA Energy Partners Inc.
Abba Enterprises Unlimited LLC
Ablahad Salmo
Academy Utility Consultants
Action Business Services LLC
Adam N Girard
AES - Huck Hayes
Alternate Energy Suppliers
Alternative Gas & Electric Solutions, LLC
Alternative Utility Services, Inc. (AUS)
Amerex
AMPO Inc.
AMT Telecom
Amy Avery
Andrew Skedo
Antoinette Weathers
Aspen Energy
Asset Energy LLC
Athens Area Chamber of Commerce
Baroda Group LLC
BHP Energy LLC GEM Energy
Blue Flame
Blue Hook Systems LLC
Blue Print Energy Group
Bradley Lewis
Broker Online Exchange
Buckeye Energy Brokers, Inc.
Burton Energy Group
Cambridge Area Chamber of Commerce
CCAOSC Energy Solutions, LLC.
CEH Consulting LLC
Chamber Energy Solutions, LLC.
Chase Tek Corporation
Cherrydale
Cherrydale dba Commercial Services
Brokers
Choice Energy Services Retail
City of Gallipolis
City of Pickerington - Reinvestment
City of Reynoldsburg
City of St Clairsville
Clifford Walker III

Commercial & Industrail Energy
Commercial Service Broker
Community Energy Advisers
Compass Enterprises
Consumer Energy Solutions Inc.
Consumers Energy Options
Curago Energy LLC
CVC Co LLC
Dan Gheesling
Dave Erich
David Donahue
David Printup
David Tomlin
Daybreak Energy
Dena Leginski
Dennis Giancola
Derrick Parker
Diversified Energy
Dyna Flow LLC
ECOVA Tharaldson Group
Electric & Gas Savings LLC
Elizabeth Young
Emuna Energy
Enel X North America, Inc.
EnerCom Inc
Enerconnex LLC
Energen Inc.
Energy Alliances, Inc.
Energy Auction Exchange LLC
Energy Choice LLC
Energy Cost Savers
Energy Edge Strategic Solutions
Energy Impact
Energy Profeesionals
Energy Revenue
Enstar Energy LLC
ERC Services LLC
Executive Assistant Service
FirstEnergy Solutions Dba The E Group
Five Gems
Fred Holmes
Global Deregulation Services Inc

| | |
|---|---|
| Good Energy L.P. | Mark Coffey |
| Green Power Source | Mark Gahn |
| Greenlight Marketing LLC | Matthews Marketing |
| Growers Energy Solutions, LLC. | Michael Capuano |
| GSA Group | Michigan 4 Energy LLC |
| Habes LLC | Michigan Retailers Association |
| HealthTrust Purchasing Group | Midwest Energy Inc. |
| Heartland Energy | Midwest Utility Consultants , Inc. |
| HPS LLC | Mike Kennedy |
| Huck Hayes | Monumental Energy LLC |
| Ice Solutions Inc | MSI Utilities Inc |
| Independent Energy Consultants Inc | Muirfield Energy |
| Industrial and Commercial Energy Cons. | Natalie Girard |
| Insight Sourcing Group | National Energy Experts, Inc |
| Integrity Energy | National Sales Systems, LLC. |
| Irish Energy | Nelsonville Area Chamber |
| JAC Technologies | New American Power |
| Jackson Area Chamber of Commerce | New River Group, LLC. |
| Jamie Warner | Nick Barlow |
| JARSCO LLC | Nicolas Andreasson |
| Jeff Brandt | North Shore Energy Consulting |
| Jieun Yoon | OGW Energy Resources |
| JME Leadership Committee LLC | OHIO EIC |
| Joel Heron | Ohio Energy Management LLC |
| John C. Costa | Ohio Industrials |
| John R Wiles | On-Demand Energy, LP |
| John Urmetz | One Source |
| Jon Dunbar | Onyx Power & Gas Consulting |
| Jon Jurhs | Open Energy LLC |
| Jonathan Firetage | Options Consulting Services |
| KBK Group | Palmer Energy Company, Inc. |
| Kristine Mahan | Patricia Hancz |
| Lakepoint Energy LLC | Paul Pickell |
| Landmark Real Estate | Performance Group of America LLC |
| Larry Hughes | Pickerington Area Chamber of Commerce |
| Lawrence Popiel | Power Bid |
| LCI Networking LTD | Pure Energy Source |
| Lights Out Energy | RD Energy Inc. |
| Logan-Hocking Chamber of Commerce | Regor Energy Corporation |
| Logical Communication Services, LLC | Revenue Group Salesloft Division |
| Lyons Consulting LLC | Rick Ebaugh |
| M&S SpeedForce, LLC. | S J Cobb & Associates |
| Madison Blair and Co. | SCEW |
| Magic Diamond Tools, Inc. | Schneider Electric fka Summit Energy Ser. |
| Marc Sosnowski | SCioto Energy |
| Mark Brickley | Shamie Development, Inc |

Sheree Hill
Simple Energy
South East Energy Consultants LLC
Southern Energy Alliance & Holding
Steve Mintz
Strategic Energy Service
Sun Heating & Cooling Inc
Supernova Partners, LLC
Svetlana Newberry
Tacuma Swanson
Taylor Energy Partners LLC
Taylor Marketing Group
TEF Energy Solutions
Telecom Consulting
TES Energy Services
The Eagles Nest Worldwide
The Pragma Company LLC
Thomas Haefner
Tiffany Maholm
Tim O'Brien
Timothy C. Hall Jr
Tom Kozak
TPI Efficiency
Trajectory Services, LLC

Trane Energy Choice
Trebel LLC
Triple S Energy Management LLC
Triumph Purchasing Network Inc
Ty Branscum
URC Energy
USave Utilities LLC
Utilities Group
Utility Choice International
Utility Research Inc
Utility Savings Assn
VERB Energy LLC
Vibrant Energy Company
Vikron Energy
Village of Albany
Village of Barnesville
Village of Bethesda
Village of Bridgeport
Village Of Cadiz-
Village of Fredericktown
Village of Warsaw
WMS Inc.
Worthington Energy Consultants

## Schedule 1(q)

### Payroll & Benefits

Ameriflex Business Solutions
Guardian Insurance
Paylocity
Transamerica Retirement Services
Crest Retirement

**Schedule 1(r)**

**SG&A**

Aetna
Westfield Insurance
Call Insurance Agency, Inc.
Ohio BWC
CompManagement Health Systems, Inc. – Sedgwick
Everest Indemnity Insurance Company
Cobbs Allen Capital, LLC dba CAC Specialty
Astute Technology Management
AT&T U-verse
Cognitive Energy LLC.
Computer Voice Systems
EC Infosystems, Inc
Ice US OTC Commodity Markets LLC
Key Internet Systems
Quadient Leasing
Volli Communications
Hopkins Printing
Portfolio Creative, LLC.
Touchpoint Strategies
US Postmaster
American Express
Buckeye Culligan
Canon Financial Services
Cintas Corporation
Continental Message Solutions Inc
Crest Retirement
Local Waste Services LLC
Public Storage
Staples Business Credit
Columbia Gas of Ohio
Guardian Protection Services
Local Waste Services
South Central Power
LJC Real Estate Holdings, LLC
Ohio State Tax Department
PA UC Fund

**<u>Schedule 1(s)</u>**

**Customers**

Adams Township
Berlin Township
Bethel Township
Board of Commissioners Stark Co
Board of Erie County Commissioners
Brown Township
Cambridge Township
Canfield Township
City of Ashland
City of Bellefontaine
City of Bowling Green
City of Canfield
City of Celina
City of Clyde
City of Columbiana
City of Findlay
City of Fremont
City of Gallipolis
City of Greenville
City of Marion
City of North Canton
City of Ontario
City of Pickerington
City of Reynoldsburg
City of Salem
City of Shelby
City of Sidney
City of St. Clairsville
City of St. Marys
City of Uhrichsville
City of Washington Court House
City of Willard
City of Wilmington
City of Xenia
Clay Township
Cross Creek Township
Delaware Township
Etna Township
Franklin Township (Coshocton Co)
Franklin Township (Tuscarawasa Co)
Franklin Township (Warren County)
Genoa Township

German Township
Green Township
Greenville Township
Hamilton Township
Harlem Township
Harrison Township
Jackson Township
Jefferson Township
Lawrence Township
Liberty Township (Hancock Co)
Mad River Township
Madison Township (Clark Co)
Madison Township (Franklin County)
Marion Township
Medina County
Mill Township
Monroe Township
Morgan Township
Orange Township
Pease Township
Perrysburg Township
Pierce Township
Pike Township
Prairie Township
Richland Township
Salem Township
Saline Township
Sandy Township (Stark County)
Sandy Township (Tuscarawas County)
Scioto Township
Springfield Township
Steubenville Township
Sugar Creek Township (Tuscarawas
County)
Troy Township
Tuscarawas Township
Viillage of Shawnee Hills
Village of Albany
Village of Ansonia
Village of Ashville
Village of Barnesville
Village of Bellville

Village of Bethesda
Village of Bradford
Village of Bradner
Village of Brewster
Village of Bridgeport
Village of Cadiz
Village of Corwin
Village of Covington
Village of Elmore
Village of Fort Loramie
Village of Fredericktown
Village of Grafton
Village of Greenfield
Village of Jeffersonville
Village of Killbuck
Village of Magnolia
Village of McConnelsville
Village of Milan
Village of Navarre
Village of New Waterford
Village of Pomeroy
Village of Russia
Village of Silverton
Village of Sunbury
Village of Warsaw
Village of West Lafayette
Village of West Milton
Warren Township
Washington Township (Richland Co)
Wayne County East Union Twp
Wayne Township (Jefferson County)
Wayne Township (Warren County)
Ballville Township
Blooming Grove Township
Butler Township (Richland Co)
City of Campbell
City of Girard
City of Marietta
City of Uhrichsville
Concord Township
Cross Creek Township
Green Creek Township
Green Township
Harrison Township
Jackson Township
Jefferson Township (Richland Co)

Lawrence Township
Madison Township (Franklin Co)
Mill Township
Mingo Junction
Montgomery Township
Orange Township
Prairie Township
Sandusky Township
Springfield Township
Steubenville Township
Sugarcreek Township (Stark Co)
Townsend Township
Union Township (Licking Co)
Village of Cadiz
Village of Elida
Village of Minerva
Village of Polk
Village of Rayland
Village of Sunbury
Village of St. Henry
Village of Tiltonsville
Village of Wintersville
Village of Yorkville
Washington Township (Richland Co)
Washington Township (Sandusky Co)
Weller Township
York Township
2727 Brice Road LLC aka Lindsay
A and K Enterprises, Inc.
Atrium Real Estate II, LLC
Big Lots Stores, Inc. -1
Big Lots Stores, Inc. -1
Big Lots Stores, Inc. -2
Big Lots Stores, Inc. -2
Broad-Third Partners, Inc.
Bryce Hill, Inc. (Build-A-Bear)
Build-A-Bear
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.

2

Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Central Ohio Farmers Co-Op, Inc.
Champaign Family YMCA
Columbus International Aircenter
Columbus International Aircenter
County Line Co-Op Inc.
County Line Co-Op Inc.
C.O.W. Industries
CSX Transportation, Inc.
Det Norske Veritas
DRIV Automotive, Inc./Tenneco
Automotive Operating Co.
Galion YMCA
IBC Inc.
Industrial Nut Corporation
Lucas Metropolitan Housing Authority
Lucas Metropolitan Housing Authority
The Mango Tree, Inc.
Marion YMCA
Marion YMCA
Morral Companies, LLC
Morral Companies, LLC
Morral Companies, LLC
Morral Companies, LLC

Sandusky County YMCA
Scioto Country Club
Shelby YMCA
Sigma Tube Co.
Toledo Gaming Ventures, LLC dba
Hollywood Casino
Tumbleweed Restaurant's, Inc.
Uni-Grip, Inc.
United Fiberglass of America, Inc.
United Fiberglass of America, Inc.
US Tsubaki Power Transmission
US Tsubaki Power Transmission
Walgreen Co.
YMCA of Ross County
The Zimmerman Companies, LLC
Ascension of Our Lord Church
David Lassalle/Colonial Hall Apartments
Great Lakes Cold Logistics
Argonne Residence Inn LLC
Unarco Material Handling fka Clymer
Enterprises
Cleveland Heights Recreation Ctr
Energy Cooperative of Ohio
Formall Rubber Company
Parker Hannifin Corp.
Sunrise Cooperative Inc
Village of Oakwood, Ohio

3

## Schedule 1(t)

### Taxing Authorities

| | |
|---|---|
| Adams County Treasurer Office | Internal Revenue Service |
| Allegheny County Treasurer Office | Jackson County Assessor's Office |
| Allen County Treasurer Office | Jackson County Treasurer Office |
| Ashland County Treasurer Office | Jefferson County Treasurer Office |
| Ashtabula County Treasurer Office | Kanawha County Office of the Assessor |
| Athens County Treasurer Office | Knox County Treasurer Office |
| Auglaize County Treasurer Office | Lake County Treasurer Office |
| Belmont County Treasurer Office | Lawrence County Treasurer Office |
| Brown County Treasurer Office | Licking County Treasurer Office |
| Butler County Treasurer Office | Logan County Treasurer Office |
| Carrol County Treasurer Office | Lorain County Auditor Office |
| Champaign County Treasurer Office | Lucas County Treasurer Office |
| Clark County Treasurer Office | Madison County Treasurer Office |
| Clermont County Treasurer Office | Mahoning County Treasurer Office |
| Clinton County Treasurer Office | Marion County Treasurer Office |
| City of Pickerington | Marshall County Assessor's Office |
| Columbiana County Treasurer Office | Medina County Treasurer Office |
| Coshocton County Treasurer Office | Meigs County Treasurer Office |
| Crawford County Treasurer Office | Mercer County Treasurer Office |
| Cuyahoga County Treasurer Office | Miami County Treasurer Office |
| Defiance County Treasurer Office | Monroe County Treasurer Office |
| Delaware County Treasurer Office | Montgomery County Treasurer Office |
| Drake County Treasurer Office | Morgan County Treasurer Office |
| Erie County Treasurer Office | Morrow County Treasurer Office |
| Fairfield County Treasurer Office | Muskingum County Treasurer Office |
| Fayette County Treasurer Office | Noble County Treasurer Office |
| Franklin County Treasurer Office | Ohio Department of Taxation |
| Fulton County Treasurer Office | Ohio State Tax Department |
| Gallia County Treasurer Office | Ottawa County Treasurer Office |
| Geauga County Treasurer Office | Paulding County Treasurer Office |
| Greene County Treasurer Office | Pennsylvania Department of Revenue |
| Guernsey County Treasurer Office | Perry County Treasurer Office |
| Hamilton County Treasurer Office | Pickaway County Treasurer Office |
| Hancock County Treasurer Office | Pike County Auditor Office |
| Hardin County Treasurer Office | Pocahontas County Assessor's Office |
| Harrison County Assessor | Portage County Treasurer Office |
| Harrison County Treasurer Office | Preble County Auditor Office |
| Henry County Treasurer Office | Preston County Assessor |
| Highland County Treasurer Office | Putnam County Assessor |
| Hocking County Treasurer Office | Putman County Treasurer Office |
| Holmes County Treasurer Office | Randolph County Assessor's Office |
| Huron County Treasurer Office | Richland County Treasurer Office |

Ross County Treasurer Office
Sandusky County Treasurer Office
Scoito County Treasurer Office
Seneca County Treasurer Office
Shelby County Treasurer Office
Stark County Treasurer Office
Summit County Fiscal Office
Trumbull County Treasurer Office
Tuscarawas County Treasurer Office
Union County Treasurer Office
Van Wert County Treasurer Office

Vinton County Treasurer Office
Warren County Treasurer Office
Washington County Treasurer Office
Wayne County Treasurer Office
Wetzel County Assessor
Williams County Treasurer Office
Wirt County Assessor's Office
Wood County Assessor
Wood County Treasurer Office
Wyandot County Treasurer Office

## **Schedule 1(u)**

### **Regulatory Authorities**

Federal Energy Regulatory Commission
Kentucky Public Service Commission
Michigan Public Service Commission
Pennsylvania Public Utilities Commission
Public Utilities Commission of Ohio
U.S. Environmental Protection Agency

## **Schedule 1(v)**

### **Insurance**

Everest Indemnity Insurance Company
Westfield Insurance Company
Aetna
Westfield Insurance
Call Insurance Agency, Inc.

## Schedule 1(w)

### U.S. Trustee Office

Pamela Arndt
Kambria Bechstein
Kim Caton
Dianna Dirr
Jeremy Flannery
Matthew McDonald
Jodi Mulvaine
Jeff Pfriem
Peter N. Sergakis
Melody Shade
Janet Smith
Jacquelyn A. Snyder
Erik Van Bramer
MaryAnne Wilsbacher

## **Schedule 1(x)**

### **Potential Buyers**

NRG Energy, Inc.

## **Schedule 2**

### **Potential Parties in Interest**

**EXHIBIT 1 – CURRENT[1] CLIENTS[2]**

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a McDermott Client |
|---|---|
| AES | AES Corporation<br>AEs Clean Energy Development LLC<br>AES Distributed Energy |
| Aetna Inc. | Aetna Inc.<br>CVS Health<br>Sutter Health and Aetna Insurance Company |
| AT&T U-verse | AT&T |
| Bank of America – Merrill Lynch | Bank of America<br>U.S. Trust Company<br>Bank of America Merrill Lynch<br>Merrill Lynch & Co., Inc.<br>Bank of America Merrill Lynch Structured<br>BofA Securities, Inc.<br>M.C. McCray Trust<br>InspereX<br>Madeleine G. Corson and Bank of America<br>Bank of America N.A. (U.S. Trust)<br>Marsha Knott Carter and Bank of America<br>Goldman Sachs/Northern Trust Corp.<br>Fortress Investment Group LLC |
| Columbia Gas of Ohio | NiSource, Inc. |
| Dayton Power & Light Company | AES Corporation<br>AES Clean Energy Development LLC<br>AES Distributed Energy |
| Dentons Cohen & Grigsby PC | Dentons Cohen & Grigsby<br>Dentons Patent Attorneys Australasia Lim |
| Driv Inc. | Tenneco Automotive Operating Company Inc. |
| DTE Energy Trading Inc. | Detroit Edison Company |
| Enstar Energy LLC | SEMCO Energy Gas Company |
| Guardian Insurance | Guardian Life Insurance Co. of America |
| Nextera Energy Capital Holdings, Inc. | NextEra Energy Resources, LLC |
| NRG Energy, Inc. | NRG Energy, Inc.<br>GenOn Holdings, Inc. |
| Ohio Power Company | American Electric Power Service<br>Energy Tax Group |

---

[1]   The term "current" client means a client to whom time was posted in the 12 months preceding the Petition Date.

[2]   McDermott may currently represent or previously have represented certain affiliates of the entities disclosed herein, and the disclosure is accordingly broad in scope.

| One Source | One Source Provider, LLC |
|---|---|
| Paylocity | Paylocity Corporation |
| Schneider Electric | Schneider Electric |
| Transamerica Retirement Services | Transamerica Life Insurance Company |
| USI | Johnson Controls International Plc |
| Walgreen Co/Duane Reade/Ride Aid | Walgreens Co.<br>Walgreens Boots Alliance, Inc. |

## EXHIBIT 2 – FORMER[3] CLIENTS

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a McDermott Client |
|---|---|
| Aetna Inc. | Aetna Global Benefits (UK) Limited |
| PNC Bank | PNC Bank, N.A. |

---

[3] The term "former" client means a client to whom time was posted between 12 and 36 months preceding the Debtor's Petition Date, but for whom no time has been posted in the 12 months preceding the Debtor's Petition Date.

3

## EXHIBIT 3 – CLOSED CLIENTS[4]

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a McDermott Client |
|---|---|
| Guardian Insurance | North Carolina Insurance Company Amicus |

4873-1716-7898.1

---

[4] The term "closed" client means a client to whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has been closed.