### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VOLUNTEER ENERGY SERVICES INC., | ) Case No. 22-50804 |
| | ) |
| Debtor.[1] | ) Judge C. Kathryn Preston |
| | ) |

### LIMITED OBJECTION OF ECO-ENERGY NATURAL GAS, LLC TO DEBTOR'S SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE PETITION DATE

Now comes Eco-Energy Natural Gas, LLC ("**Eco-Energy**"), by and through undersigned counsel, and submits the following as its limited objection to the *Second Omnibus Motion for Entry of an Order Authorizing and Approving the Rejection of Certain Executory Contracts Effective as of the Petition Date* (D.I. 69) (the "**Motion**") filed by Debtor and Debtor-in-Possession, Volunteer Energy Services Inc. ("**Debtor**"). In support of its limited objection, Eco-Energy respectfully states as follows:

### BACKGROUND

1. On March 25, 2022 (the "**Petition Date**"), Debtor commenced the above-captioned chapter 11 case.

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

1

125464075v2

2. Prior to the Petition Date, on or about September 3, 2014, Eco-Energy, LLC and Debtor entered into that certain *Base Contract for Sale and Purchase of Natural Gas* (the "**Gas Supply Contract**").

3. On or about February 1, 2019, and pursuant to Section 15.1 of the Gas Supply Contract, Eco-Energy, LLC assigned all of its rights and obligations under the Gas Supply Contract to its affiliate Eco-Energy.

4. Pursuant to Section 10.5 of the Gas Supply Contract, the parties agreed that the contract constitutes a "forward contract" within the meaning of the United States Bankruptcy Code and that Eco-Energy and the Debtor are each "forward contract merchants" within the meaning of the United States Bankruptcy Code.

5. Pursuant to the Gas Supply Contract, Eco-Energy sold and delivered natural gas to the Debtor after the Petition Date and is owed $53,156.94 as a Section 503(b) administrative claim (the "**Eco-Energy Administrative Claim**").

6. ECO-Energy also holds, in addition to the Eco-Energy Administrative Claim, a prepetition unsecured claim in the amount of $3,144,863.08 and a Section 503(b)(9) administrative claim in the amount of $469,438.20.

7. On March 31, 2022, the Debtor filed the Motion requesting the Court approve its rejection of the Gas Supply Contract, among others, and that such rejection be made effective as of the Petition Date. *See generally* Motion.

8. On April 7, 2022, the Court set June 10, 2022 as the "General Claims Bar Date" and June 25, 2022 as the "Administrative Expense Bar Date". (*See* D.I. 150).

**LIMITED OBJECTION**

9. The Motion requests that this Court reject the Gas Supply Contract effective as of the Petition Date. Eco-Energy does not oppose rejection of the Gas Supply Contract, but submits that the proper effective date for rejection is the date that this Court enters an order authorizing rejection. Consequently, Eco-Energy objects to the request for retroactive relief as of the Petition Date for two primary reasons: (1) applicable law does not permit the requested relief; and (2) granting such relief is inequitable.

### A. The Requested Retroactive Relief is Prohibited by Applicable Law

10. Section 365(a) provides, in relevant part, that a debtor-in-possession may, "subject to the court's approval," assume or reject an unexpired lease or executory contract. *See* 11 U.S.C. § 365(a). Section 365 does not specifically address the retroactive rejection of executory contracts and unexpired leases. It is true that in the past some courts have granted such relief. However, the District Court for the Southern District of Ohio has held that Section 365(a) requires that the effective date of rejection be the date of the bankruptcy court's order approving rejection. *See In the Matter of Federated Department Stores, Inc.*, 131 B.R. 808, 814 (S.D. Ohio 1991). Research indicates that since *Federated Department Stores*, there is no binding decision in Ohio holding to the contrary, and the Sixth Circuit has not addressed the issue. Debtor provides no authority to the contrary and Eco-Energy is unaware of any authority to the contrary.

11. Moreover, such relief is prohibited by the Supreme Court's decision in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 206 L. Ed. 2d 1 (2020). A request for retroactive relief is, for all intents and purposes, a request for *nunc pro tunc* relief. *See id.* (defining *nunc pro tunc* orders as "now for then orders"). In *Acevedo*, the Supreme Court held that "[f]ederal courts may issue *nunc pro tunc* orders…to reflect the reality of

3

what has already occurred." *Id.* Accordingly, and as previously held by this Court, "the retroactive legal effect of a *nunc pro tunc* order should be reserved for those occasions when the Court has, in fact, already passed judgment that is not reflected in the record." *In re Roberts*, 618 B.R. 213, 217 (Bankr. S.D. Ohio 2020) (stating that "the use of *nunc pro tunc* orders to retroactively seek employment of professionals is an improper use of the mechanism and this Court will no longer enter such orders").

12.     On its face, *Acevedo* prohibits entry of an order entered at one time that is "effective" as of a prior date, unless such order reflects the reality of what occurred on the prior date. Here, Debtor received natural gas from Eco-Energy after the Petition Date and Debtor benefitted from its receipt of the same. Thus, rejection of the Gas Supply Contract effective as of the Petition Date does not reflect the reality of what occurred.

13.     Debtor cites to several cases in support of its assertion that retroactive relief in this situation is permissible. Importantly, none of these decisions are binding on this Court and all of them predate the Supreme Court's ruling in *Acevedo*. Moreover, the cases from the Bankruptcy Court for the Southern District of Ohio cited by the Debtor are not only unpublished, non-binding opinions but also they are patently distinguishable from this proceeding. Both *In re Artemis Laser & Vein Center, LLC*[2] and *In re KBT Freight, Inc.*[3] involved the rejection of commercial real property leases, and the court granted the motions as they were unopposed, making them nothing

---

[2] Case No. 14-55300, D.I. 71 (Bankr. S.D. Ohio Sept. 26, 2014).

[3] Case No. 12-51683, D.I. 113 (Bankr S.D. Ohio May 17, 2012)

more than procedural/administrative in nature. *In re Techneglas, Inc.*,[4] which also involved unexpired leases and an unopposed motion, actually stands for the position contrary to what the Debtor presents in its Motion. There, the motion did not seek retroactive relief. The court initially granted the motion on an interim basis, *see id.*, D.I. 47, with the final order granting rejection of the unexpired leases effective *as of the date of the interim order*. *See id.*, D.I. 160.

14.     None of these cases involve the rejection of an executory contract for the supply of goods where goods were delivered post-petition and subsequently used by the Debtor nor where the contract counter-party opposed the retroactive relief sought.

15.     Therefore, the Debtor's request for retroactive relief should be denied as contrary to applicable law.

### B.     The Requested Retroactive Relief is Inequitable

16.     Notwithstanding applicable law's prohibition of the requested retroactive relief, granting such relief contradicts principles of equity. Debtor asserts Eco-Energy will not suffer prejudice because "it will receive proper notice of the Motion and the proposed rejection." Motion, ¶18. However, this is simply untrue because granting retroactive relief as of the Petition Date will improperly and unfairly disallow the Eco-Energy Administrative Claim resulting from Eco-Energy's post-petition delivery of natural gas and the Debtor's use thereof. To grant the Debtor's request is to rewrite history such that this post-petition transaction never occurred.

---

[4] Case No. 04-63788, D.I. 160 (Bankr. S.D. Ohio Oct. 8, 2004)

17. In *In re Philadelphia Newspapers, LLC*, a trustee requested that the court approve rejection of an executory agreement retroactively to the date the motion was filed. 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010). The contract counter-party objected to the retroactive relief, indicating that he intended to seek allowance of an administrative claim for post-petition services rendered. *See id.* In considering whether to grant the retroactive relief, the court noted that the decision whether to grant the retroactive relief was dictated by equitable considerations and that such relief was permissible where there was no prejudice to a creditor. *See id.* (citing *In re Garfinckels, Inc.*, 118 B.R. 154 (Bankr. D.D.C. 1990). The court ultimately concluded that retroactive relief was permissible because there was no obvious prejudice to the contract counter-party because his ability to pursue his administrative claim was not affected regardless of whether the effective date of rejection was the date of the motion filing or entry of the rejection order. *See id.*

18. Here, unlike *In re Philadelphia Newspaper, LLC*, granting the Debtor's request for retroactive relief as of the Petition Date will entirely preclude Eco-Energy from pursuing the Eco-Energy Administrative Claim.

19. Any legitimate concern the Debtor possesses regarding potential administrative claims can and should be relegated to the express provisions of the Bankruptcy Code concerning claims allowance. *See In re Donghia, Inc.*, 2020 Bankr. LEXIS 1254, at *10-11 (Bankr. D. Conn. May 12, 2020) (denying a trustee's request for rejection of commercial leases retroactive as of the petition date and noting that the trustee could bring claims, seek equitable adjustments, reductions or defenses with respect to the full allowance of administrative rent claims filed by landlords).

20. Therefore, the Debtor's request for retroactive relief as of the Petition Date should be denied.

WHEREFORE, Eco-Energy respectfully requests that the Court enter an Order authorizing rejection of the Gas Supply Contract as of the date of the Order and granting such other and further relief as this Court deems just and proper.

Dated: April 14, 2022            Respectfully submitted,

                                        **TROUTMAN PEPPER HAMILTON SANDERS LLP**

                                        */s/ Gary W. Marsh*
Gary W. Marsh (*Pro Hac Vice* pending)
GA State Bar No. 471290
Telephone: 404-885-3000
Email: gary.marsh@troutman.com
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308

**COUNSEL TO ECO-ENERGY NATURAL GAS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on April 14, 2022 through the Court's CM/ECF system to all ECF participants registered in this case at the email address registered with the Court.

I hereby further certify that a true and correct copy of the foregoing was served on April 14, 2022 via First Class Mail, postage prepaid to the following:

| **Volunteer Energy Services Inc.** 790 Windmiller Dr. Pickerington, OH 43147 (*Debtor*) | **Isaac Wiles & Burkholder, LLC** Attn: Philip Stovall Attn: David Whittaker Two Miranova Place, Suite 700 Columbus, OH 43215 (*Debtor's Counsel*) | **Jeremy Shane Flannery** Office of the United States Trustee 170 North High Street Suite 200 Columbus, OH 43215 | **Mary Anne Wilsbacher** USDOJ - Office of the U.S. Trustee 170 North High Street Suite 200 Columbus, OH 43215 |
|---|---|---|---|
| **Daniel A DeMarco** 200 Public Square Suite 2800 Cleveland, OH 44114-2301 (*Committee Counsel*) | **Rocco I Debitetto** 200 Public Square Suite 2800 Cleveland, OH 44114-2301 (*Committee Counsel*) | **Lawrence E Oscar** 200 Public Square Suite 2800 Cleveland, OH 44114-2301 (*Committee Counsel*) | **Christopher B Wick** 200 Public Square Suite 2800 Cleveland, OH 44114 (*Committee Counsel*) |

*/s/ Gary W. Marsh*
Gary W. Marsh (*Pro Hac Vice* pending)
GA State Bar No. 471290
Telephone: 404-885-3000
Email:gary.marsh@troutman.com
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308

**COUNSEL TO ECO-ENERGY NATURAL GAS, LLC**