**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



**Dated: April 26, 2022**

C. Kathryn Preston
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
MCDERMOTT WILL & EMERY LLP AS COUNSEL TO THE DEBTOR AND
DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE
[RELATED TO DOCKET NO. 119]**

Upon the application (Doc. 119) (the "Application")[2] of the Debtor for entry of an order (this "Order"), pursuant to Bankruptcy Code section 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtor to retain and employ McDermott Will & Emery LLP ("McDermott"), effective as of the Petition Date; and upon consideration of the Azman

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Application.

Declaration in support of the Application and the First Day Declaration; and the Court being satisfied that McDermott is a "disinterested person" as such term is defined under Bankruptcy Code section 101(14); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference entered in this District; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Application having been given; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted as set forth herein.

2. Pursuant to Bankruptcy Code section 327(a), the Debtor is authorized to retain and employ McDermott as its attorneys in the Chapter 11 Case effective as of the Petition Date.

3. The *Procedures for Complex Chapter 11 Cases* (the "Complex 11 Procedures") implemented and made effective by *General Order No. 30-4*, entered by the Court on February 24, 2021, shall govern the payment and application process for the professional fees and expenses billed by McDermott. Subject to the terms and requirements set forth in the Complex 11 Procedures, McDermott shall be entitled to the provisional payment of 90% of the undisputed fees and 100% of the undisputed expenses identified on each Monthly Statement (as such term is defined in the Complex 11 Procedures), prior to entry of an interim or final order allowing or awarding McDermott such fees and expenses. Notwithstanding anything to the contrary contained herein, all parties in interest shall have the right to object to McDermott's interim and

final applications for compensation and reimbursement of out-of-pocket expenses based on the reasonableness standard set forth in Bankruptcy Code section 330.

4. McDermott shall make timely applications to the Court for allowance of compensation and reimbursement of expenses in accordance with the Complex 11 Procedures and any orders of the Court, and all such applications will comply with the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court

5. Notwithstanding anything in the Application or Engagement Letter to the contrary, McDermott shall apply any remaining amounts of its prepetition advance payment retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Bankruptcy Court awarding fees and expenses to McDermott. McDermott is authorized upon further order of the Bankruptcy Court to reserve and apply amounts from the prepetition advance payment retainer that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse McDermott for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

6. The Debtor shall serve this Order on the parties who were served with the Motion, as well as to counsel to the Official Committee of Unsecured Creditors, and Epiq Corporate Restructuring, LLC (the Debtor's claims and noticing agent), and shall file a certificate of service confirming compliance with this requirement.

7. The Debtor and McDermott are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**SO ORDERED.**

Copies to: Default List