# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| VOLUNTEER ENERGY SERVICES, INC., | Case No. 22-50804 |
| Debtor.[1] | Judge C. Kathryn Preston |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER CONTINUING THE HEARING AND EXTENDING THE OBJECTION DEADLINE ON THE APPLICATION OF SEQUENT ENERGY MANAGEMENT, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

Volunteer Energy Services, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), files this motion (the "Motion") for entry of an order (the "Proposed Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) continuing the hearing on the *Application of Sequent Energy Management, LLC for Allowance and Payment of Administrative Expenses* (Doc. 340) (the "Sequent Application") currently scheduled for July 21, 2022 at 9:30 a.m. (Eastern Time) to August 25, 2022 at 9:30 a.m. (Eastern Time) and (ii) extending the deadline to object or respond to the Application (the "Objection Deadline") from July 8, 2022 until up to and through August 11, 2022. The Sequent Application has not been previously continued, rescheduled, or adjourned from a prior hearing, and this is the first request made by Motion for extension of the Objection

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

Deadline.[2] Before filing this Motion, the Debtor contacted Sequent to request the continuance of the hearing and extension of the Objection Deadline, but Sequent, through counsel, would not consent. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the Southern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered in this District.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are Bankruptcy Code section 105, Bankruptcy Rule 9006, Rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Ohio (the "Local Rules"), and *General Order No. 30-4* (the "General Order"), entered by the Court on February 24, 2021, which implemented and made effective the Procedures for Complex Chapter 11 Cases (the "Complex 11 Procedures") attached thereto.

## BACKGROUND

**I.    The Chapter 11 Case**

4.  On March 25, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code.

5.  The Debtor continues to manage its business, property, and affairs as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.  The Office of the United States Trustee appointed a creditors' committee on April 1, 2022 (Doc. 83). No other official committee, trustee, or examiner has been appointed in the Chapter 11 Case.

---

[2] The original deadline to respond or object to the Sequent Application was June 30, 2022. Sequent Energy Management, LLC ("Sequent") previously agreed to extend the Debtor's objection deadline by eight days to July 8, 2022.

2

7.	A description of the Debtor's prepetition business operations, capital structure, and circumstances leading to the chapter 11 filing is set forth in the *Declaration of David Warner in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (Doc. 26) (the "First Day Declaration"), which is incorporated herein by reference.

8.	Since the Petition Date, the Debtor's focus has been on maximizing the value of the bankruptcy estate for the benefit of all stakeholders with the goal of confirming a chapter 11 plan. In the approximately three months since the Petition Date, the Debtor has undertaken extensive efforts to accomplish this goal, including by, without limitation: (i) obtaining critical first day relief; (ii) negotiating DIP financing, including a global resolution with the Debtor's DIP lender and the Committee; (iii) conducting an expedited sale process for the sale of the Debtor's customer contracts; (iv) selling miscellaneous assets; (v) reducing unnecessary costs by rejecting numerous executory contracts, terminating the Debtor's 401(k) plan, and negotiating with local distribution companies for the orderly transition of customers to avoid fines and penalties to the extent possible; (vi) pursuing the recovery of accounts receivable, posted collateral, and related assets; and (vii) executing an orderly winddown of the Debtor's operations. These efforts have resulted in a significant amount of value being recovered for the benefit of the Debtor's bankruptcy estate and there is now the prospect of the Debtor proposing and confirming a chapter 11 plan.

## II.	The Administrative Expense Applications

9.	On April 7, 2022, the Court entered the *Order Establishing Deadlines for Submitting Proofs of Claim and Procedures Relating Thereto* (Doc. 150), which established June 25, 2022 as the deadline for parties to file administrative expense claims pursuant to Bankruptcy Code section 503(b)(1), (3)-(8).

10. Between May 2, 2022 and June 24, 2022, eight parties (collectively, the "Administrative Expense Claimants") filed applications for administrative expense (Docs. 252, 330, 340, 361, 365, 367, 369, 373) (collectively, the "Administrative Expense Applications"), including Sequent, which filed the Sequent Application on June 9, 2022.

11. The Sequent Application is currently scheduled to be heard on July 21, 2022 at 9:30 a.m. (Eastern Time) (the "July Omnibus Hearing") and the current Objection Deadline is July 8, 2022.

12. The Debtor requested that each of the Administrative Expense Claimants with Administrative Expense Applications scheduled for the July Omnibus Hearing consent to the continuance of such hearings and the extension of each respective objection deadline. The bases for such requests were (i) to afford the Debtor sufficient time to evaluate all of the Administrative Expense Applications given that the Debtor's focus remained on reaching a confirmable chapter 11 plan and (ii) to preserve estate resources by delaying any litigation regarding the Administrative Expense Applications while the Debtor assesses the viability of a chapter 11 plan. Indeed, if this Chapter 11 Case converts to a case under chapter 7 of the Bankruptcy Code, it is possible that a successful challenge to some or all of an administrative expense claim would not result in any benefit to the bankruptcy estate – particularly because, if this Chapter 11 Case converts, secured claims against the estate will be $3.35 million higher than if the Debtor is successful in proposing and confirming a chapter 11 plan.[3] Sequent is the only Administrative Expense Claimant that would not consent to the requested continuance.

---

[3] Under the terms of the *Second Amendment to Debtor-In-Possession Revolving Credit and Security Agreement* (the "Second Amendment") approved by this Court on June 15, 2022 (*see* Doc. 352), the Debtor's DIP lender will waive all but $1.125 million of its $4.475 million Accrued Fee (as such term is defined in the Second Amendment) if a chapter 11 plan containing certain terms is confirmed and becomes effective. If this Chapter 11 Case converts, the full amount of the Accrued Fee will be a secured claim.

4

## RELIEF REQUESTED

13. By this Motion, the Debtor seeks entry of an order, substantially in the form of the Proposed Order, continuing (i) the hearing on the Sequent Application to August 25, 2022 at 9:30 a.m. (Eastern Time), which is the August omnibus hearing date; and (ii) extending the Objection Deadline to August 11, 2022. The Debtor requests that this relief be granted without prejudice to the Debtor's right to seek additional continuances of the hearing on Sequent's Application and further extensions of the Objection Deadline.

## BASIS FOR RELIEF REQUESTED

14. Cause exists to continue the hearing on the Sequent Application and to extend the Objection Deadline. *See* Fed. R. Bankr. P. 9006(b)(1) (for cause shown, the court may enlarge a period of time). *First*, the Debtor has not had the opportunity to assess the bases for the Sequent Application. To date, the Debtor's efforts have remained almost exclusively on preserving the value of the bankruptcy estate to (i) avoid a conversion to chapter 7 and (ii) reach a position where it can propose a confirmable chapter 11 plan.

15. *Second*, there is no prejudice to Sequent (or any other party) if the hearing on the Sequent Application is continued to the next omnibus hearing date (which is a continuance of only 35 days) and the objection deadline extended to August 11, 2022. At that time, the Debtor will be in a better position to ascertain whether a chapter 11 plan is achievable or whether conversion is necessary, and will have preserved estate resources in the interim. This short delay will not alter the timing of any payments on any allowed administrative expense claim of Sequent, nor will it adversely affect Sequent in any way.

16. *Third*, the Debtor will be prejudiced if the hearing on the Sequent Application is not continued and the Objection Deadline is not extended. The Debtor will be forced to divert its focus to analyzing the propriety of the Sequent Application and potentially preparing objection

briefing and for a contested evidentiary hearing in a limited time frame.

17. **_Fourth_**, this is the first continuance of the hearing on the Sequent Application, and the request for the continuance and an extension of the Objection Deadline is being made in a timely manner.

18. For the foregoing reasons, the Debtor submits that good cause exists to grant its request to (i) continue the hearing on the Sequent Application to August 25, 2022 at 9:30 a.m. (Eastern Time), and (ii) extend the Objection Deadline to August 11, 2022. The Debtor requests that this relief be granted without prejudice to the Debtor's right to seek additional continuances and extensions.

## MOTION PRACTICE

19. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

20. The Debtor will provide notice of this Motion to: (a) the United States Trustee; (b) counsel to PNC Bank, National Association; (c) the Committee; (d) the offices of the attorneys general for Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia; (e) the United States Attorney's Office for the Southern District of Ohio; (f) the Internal Revenue Service; (g) the Debtor's state and taxing authorities in Ohio, Pennsylvania, Michigan, Kentucky, and West Virginia; (h) the Public Utilities Commission of Ohio, Pennsylvania Public Utilities Commission, Kentucky Public Service Commission, and Michigan Public Service Commission; (i) the U.S. Environmental Protection Agency; (j) the Federal Energy Regulatory Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is required.

## **NO PRIOR REQUEST**

21. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: July 8, 2022<br>Columbus, Ohio | Respectfully submitted,<br><br>*/s/ Philip K. Stovall*<br>David M. Whittaker (0019307)<br>Philip K. Stovall (0090916)<br>**ISAAC WILES & BURKHOLDER, LLC**<br>Two Miranova Place, Suite 700<br>Columbus, Ohio 43215-5098<br>Tel:  (614) 221-2121<br>Fax:  (614) 365-9516<br>Email: dwhittaker@isaacwiles.com<br>           pstovall@isaacwiles.com<br><br>*- and –*<br><br>Darren Azman (admitted *pro hac vice*)<br>Natalie Rowles (admitted *pro hac vice*)<br>**MCDERMOTT WILL & EMERY LLP**<br>One Vanderbilt Avenue<br>New York, New York 10017-3852<br>Tel:  (212) 547-5400<br>Fax:  (212) 547-5444<br>Email  dazman@mwe.com<br>           nrowles@mwe.com<br><br>*Counsel to the Debtor* |

# EXHIBIT A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Case No. 22-50804 |
| | ) | |
| Debtor.[1] | ) | Judge C. Kathryn Preston |
| | ) | |

**ORDER CONTINUING THE HEARING AND EXTENDING THE OBJECTION DEADLINE ON THE APPLICATION OF SEQUENT ENERGY MANAGEMENT, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES
[RELATED TO DOC. __]**

Upon the motion (Doc. __) (the "Motion")[2] of the Debtor pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 9006, and Local Rule 9006-1, for an order (i) continuing the hearing on the Sequent Application to August 25, 2022 at 9:30 a.m. (Eastern Time), and (ii) extending the Objection Deadline until up to and through August 11, 2022, as more particularly described in the Motion; and this Court having reviewed the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference entered in this District; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters is 790 Windmiller Drive, Pickerington, Ohio 43147.

[2] Capitalized terms utilized but not defined herein shall have the meanings given them in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The hearing on the Sequent Application is continued to **August 25, 2022 at 9:30 a.m. (Eastern Time)** (the "<u>Hearing</u>"), in the United States Bankruptcy Court, Courtroom C, 170 North High Street, Columbus, Ohio 43215.

3. The deadline for the Debtor to object to the Sequent Application is extended until up to and through August 11, 2022.

4. This Order is without prejudice to the Debtor's right to seek further continuances of the hearing and extensions of the objection deadline with respect to the Sequent Application.

5. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

6. The Debtor shall serve this Order on the parties who were served with the Motion and shall file a certificate of service confirming compliance with this requirement.

7. Service of this Order is good and sufficient notice of the Hearing, and the Debtor is not required to file or serve a separate hearing notice with respect to the Hearing.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**SO ORDERED**


Copies to: Default List.