**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



C. Kathryn Preston
United States Bankruptcy Judge

**Dated: September 29, 2022**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| VOLUNTEER ENERGY SERVICES, INC., | Case No. 22-50804 |
| Debtor.[1] | Judge C. Kathryn Preston |

**ORDER APPROVING FIRST INTERIM FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP, AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FROM MARCH 25, 2022 THROUGH JUNE 30, 2022**
[RELATED TO DOC. 421]

This matter came before the Court upon the First Interim Fee Application of McDermott

Will & Emery LLP, Counsel to the Debtor and Debtor in Possession, for Allowance of

---

[1] The last four digits of the Debtor's federal tax identification are (2693), and the address of the Debtor's corporate headquarters as of the Petition Date was 790 Windmiller Drive, Pickerington, Ohio 43147.

Compensation and Reimbursement of Expenses Incurred from March 25, 2022 through June 30, 2022 (the "Interim Fee Application"),[2] filed by counsel to the Debtor in the above-captioned chapter 11 case. The Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 29 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor; and upon finding that there is good cause; it is **HEREBY ORDERED THAT:**

1. The Interim Fee Application of McDermott Will & Emery LLP ("MWE") is granted.

2. MWE is allowed compensation for services rendered to the Debtor during the Compensation Period in the amount of $1,253,896.00 and reimbursement for actual and necessary expenses incurred during the Compensation Period in the amount of $19,868.82.[3]

3. To the extent not already paid, the Debtor is authorized and directed to pay MWE one hundred percent (100%) of the allowed compensation for services rendered to the Debtor during the Compensation Period and reimbursement for actual and necessary expenses incurred during the Compensation Period.

4. MWE is authorized to distribute from the Retainer Balance the amount of $14,540.17 to be applied to compensation for services rendered to the Debtor and reimbursement for actual and necessary expenses incurred before the Petition Date and apply the remaining

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Fee Application.

[3] MWE voluntarily agreed to reduce its fees by $2,958.00 and its expenses by $72,519.82.

$1,697.49 Retainer Balance to allowed compensation and expenses incurred after the Petition Date.

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Debtor shall serve a copy of this Order on the parties that were served with the Interim Fee Application and shall file a certificate of service confirming compliance with this requirement.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SO ORDERED.**

Copies to:  Default List