**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



C. Kathryn Preston
United States Bankruptcy Judge

**Dated: December 1, 2023**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOLUNTEER ENERGY SERVICES, INC., | Case No. 22-50804 |
| Debtor.[1] | Judge C. Kathryn Preston |

**ORDER APPROVING FOURTH INTERIM
AND FINAL FEE APPLICATION OF MCDERMOTT WILL &
EMERY LLP, COUNSEL FOR THE DEBTOR AND DEBTOR IN
POSSESSION, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR (I) THE INTERIM
PERIOD FROM MARCH 1, 2023 THROUGH AUGUST 18, 2023 AND
(II) THE FINAL PERIOD FROM MARCH 25, 2022 THROUGH AUGUST 18, 2023**
[RELATED TO DOC. 960]

---

[1] The last four digits of the Debtor's federal tax identification are (2693). As of the Petition Date, the Debtor's corporate headquarters was located at 790 Windmiller Drive, Pickerington, Ohio 43147.

This matter came before the Court upon the Fourth Interim and Final Fee Application of McDermott Will & Emery LLP, Counsel to the Debtor and Debtor in Possession, for Allowance of Compensation and Reimbursement of Expenses Incurred for (I) the interim period from March 1, 2023 through August 18, 2023, and (II) the final period from March 25, 2022 through August 18, 2023 (the "Application"),[2] filed by counsel to the Debtor in the above-captioned chapter 11 case. The Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 29 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor; and upon finding that there is good cause; it is **HEREBY ORDERED THAT:**

1. The Fourth Interim and Final Fee Application of McDermott Will & Emery LLP ("MWE") is granted.

2. MWE is allowed compensation for services rendered to the Debtor during the Fourth Interim Compensation Period in the amount of $335,194.25 and reimbursement for actual and necessary expenses incurred during the Fourth Interim Compensation Period in the amount of $3,551.42.

3. The amounts of compensation allowed to MWE by the First Interim Fee Order, the Second Interim Fee Order, the Third Interim Fee Order, and in paragraph 2 of this Order, in the cumulative amount of $2,324,293.25, are hereby allowed and awarded to MWE on a final basis, for services rendered to the Debtor during the Final Compensation Period.

4. The amounts of expenses approved for reimbursement to MWE by the First Interim Fee Order, the Second Interim Fee Order, the Third Interim Fee Order, and in paragraph

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

2

2 of this Order, in the cumulative amount of $33,872.79, are hereby allowed and approved for reimbursement to MWE on a final basis, as actual and necessary expenses incurred during the Final Compensation Period.

5. To the extent not already paid, MWE is authorized to be paid one hundred percent (100%) of the allowed compensation for services rendered to the Debtor and reimbursement for actual and necessary expenses incurred during both the Fourth Interim Compensation Period and the Final Compensation Period.

6. MWE is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Epiq Corporate Restructuring, LLC shall serve a copy of this Order on the parties that were served with the Application and shall file a certificate of service confirming compliance with this requirement.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SO ORDERED.**

Copies to: Default List