**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 22-50804 ) |
| VOLUNTEER ENERGY SERVICES, INC., | ) Judge C. Kathryn Preston ) |
| Debtor.[1] | ) ) |

## EMERGENCY MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF A BRIDGE ORDER AND FINAL ORDER EXTENDING THE CLAIMS OBJECTION BAR DATE

John B. Pidcock, solely in his capacity as the liquidating trustee (the "**Liquidating Trustee**") of the above-captioned debtor, Voluntary Energy Services, Inc. ("**VESI**" or the "**Debtor**"), by and through his undersigned counsel, hereby moves (the "**Motion**") this Court pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the emergency entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the Claims Objection Bar Date (as defined below) until the Court can schedule a hearing to ultimately extend the Claims Objection Bar Date by 60 days, through and including February 13, 2024, consistent with the terms of the Liquidating Trust Agreement. Currently, there is a discrepancy between the Plan (as defined below), which defines the Claims Objection Bar Date as the "first Business Day that is 120 days after the Effective Date [*i.e.* December 15, 2023] and the

---

[1] The last four digits of the Debtor's federal tax identification are (2693). As of the Petition Date, the Debtor's corporate headquarters was located at 790 Windmiller Drive, Pickerington, Ohio 43147.

1

Section 7.6 of the Liquidating Trust Agreement, which sets the time period for filing objections to Claims at 180 days after the Effective Date of the Plan, or February 13, 2024.  The Liquidating Trustee must be permitted additional time to review, analyze, and negotiate the resolution of potentially objectionable claims in an orderly and cost-effective manner or else otherwise objectionable claims would be allowed to the detriment of all other creditors and allowed claims.

In support of the Motion, the Liquidating Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.     The United States Bankruptcy Court for the Southern District of Ohio (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-4* from the Court, dated February 24, 2021 (the "**General Order**").  The Liquidating Trustee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.     The statutory basis for the relief requested herein is section 105 of the Bankruptcy Code, Bankruptcy Rule 9006, the General Order, and the Plan.

### FACTUAL BACKGROUND

**A.     Debtor's Plan and the Liquidating Trust Agreement Contain Contradictory Deadlines by which to File Objections to Previously Filed Claims**

4.     On March 25, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.     On July 26, 2023, the Court entered *Findings of Fact, Conclusions of Law, and Order Confirming the Third Amended Chapter 11 Plan of Liquidation of Volunteer Energy*

2

*Services, Inc.* [Doc. 891] confirming the *Third Amended Chapter 11 Plan of Liquidation of Volunteer Energy Services, Inc.* [Doc. 655] (the "**Plan**").

6. The Plan went effective on August 17, 2023 [Doc. 916] (the "**Effective Date**").

7. Pursuant to Article 5.5 of the Plan, the Liquidating Trustee was appointed to implement the Plan and administer and distribute the Debtor's remaining assets and wind down the business and affairs of the Debtor. The Plan provides that the Liquidating Trustee shall be responsible for, among other things, resolving claims from and after the Effective Date.

8. Pursuant to Article 9.10(b) of the Plan, "[u]nless otherwise provided in the Plan or ordered by the Bankruptcy Court, all objections to Claims shall be filed and served no later than the Claims Objection Bar Date, provided that the Liquidating Trustee may request (and the Bankruptcy Court may grant) an extension of time by filing a motion with the Bankruptcy Court.

9. Section 1.28 of the Plan defines the "Claims Objection Bar Date" as "… unless otherwise extended by Order of the Court, the first Business Day that is 120 days after the Effective Date. " *See* Plan at §1.28. 120 days after the Effective Date is Friday, December 15, 2023.

10. Conversely, Section 7.6 of the Liquidating Trust Agreement address the procedures for objections to claims. The Liquidating Trust Agreement is attached to the Plan as <u>Exhibit B</u>. Specifically, Section 7.6(a) provides that the Liquidating Trustee has until 180 days after the Effective Date of the Plan to file any objections to Claim. In addition, Section 7.6(a) of the Liquidating Trust Agreement provides that "the time period for filing objections to Claims shall automatically renew for successive periods of 180 days each until the earlier of (i) the date upon which all Claims have been Allowed or Disallowed or (ii) the date fixed by the Court upon motion of the Liquidating Trustee or a holder of a Claim. *See* Liquidating Trust Agreement, §7.6(a).

11. Perhaps more importantly, between the Liquidating Trust Agreement and the Plan, the Plan controls. *See* Liquidating Trust Agreement, § 11.17.

12. 180 days after the Effective Date of the Plan is February 13, 2024.

## RELIEF REQUESTED

13. By this Motion, the Liquidating Trustee requests entry of the Proposed Order extending the Claims Objection Bar Date by 60 days, through and including February 13, 2024.[2]

## BASIS FOR RELIEF

14. Pursuant to the Plan, the Court may extend the Claims Objection Bar Date. *See* Plan, Article 9.10(b). Additionally, Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ." The Liquidating Trustee asserts that there is sufficient cause, as detailed below, to extend the Claims Objection Bar Date by 180 days.

15. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking an action on making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a).

---

[2] The Liquidating Trustee reserves all rights to seek an extension of its deadline to object to such claims or to adjourn any hearing with respect to such claims.

4

16. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles.

17. As the Court is aware, the Liquidating Trustee, with the assistance of its counsel and other professionals, is working diligently to review the proofs of claim filed with the Debtor's claims and noticing agent, resolving related issues, and coordinating with other parties regarding necessary information and documentation. In addition, the Liquidating Trustee has been involved in negotiating, litigating, and resolving claims with numerous creditors as well as working on various asset recovery projects. The Liquidating Trustee believes all efforts to date will maximize recoveries to beneficiaries of the unsecured creditor pool.

18. The Liquidating Trustee was working off the February 13, 2024 deadline [180 days after the Effective Date] to file claim objections. It was not until earlier this week that the Liquidating Trustee became aware of the contradictory dates for the Claims Objection Bar Date in the Plan and the Objection Procedures contained in Section 7.6(a) of the Liquidating Trust Agreement.

19. Despite the efforts described above, there has not been sufficient time to allow for a thorough review and resolution of all such filed and asserted claims. While the claim reconciliation process to date has successfully addressed many claims, certain unresolved claims remain. Without additional time to review the bases for the remaining claims, the Liquidating Trustee could be forced to prematurely allow such claims that would otherwise be objectionable, to the detriment of the Debtor's estate or spend time and efforts objecting to claims that could otherwise be resolved in negotiations without further Court involvement. In addition, the

requested extension of the Claims Objection Bar Date will preserve the Liquidating Trustee's ability to object to any late-filed claims.

20. Accordingly, the Liquidating Trustee submits that cause exists to extend the Claims Objection Bar Date through and including February 13, 2024, to permit the orderly and efficient administration of the Debtor's estate consistent with the terms of the Liquidating Trust Agreement. As this process continues, the Liquidating Trustee expects to continue its review of the unresolved claims, file any necessary objections, and work to resolve all claims expeditiously.

21. Similar relief has been granted in other cases. *See, e.g., In re Murray Metallurgical Coal Holdings, LLC, et al.*, No. 20-10390 (JEH) (Bankr. S.D. Ohio June 1, 2021) (granting extension to file objection to claims against Debtors and Debtors' estates for 151 days); In *re Murray Energy Holdings Co., et al.,* No. 19-56885 (JEH) (Bankr. S.D. Ohio Mar. 16, 2021) (granting extension to file objection to claims against the Debtors and the Debtors' estates for 150 days); *In re Data Cooling Techs.* LLC, No. 17-52170 (AMK) (Bankr. N.D. Ohio Jan. 23, 2019) (granting extension to file objections to claims against the Debtors and Debtors' estates for more than 12 months); *In re Data Cooling Techs.* LLC, No. 17-52170 (AMK) (Bankr. N.D. Jan. 3, 2020) (granting further extension for 9 months); *In re CH Liquidation Ass'n*, No. 16-51552 (AMK) (Bankr. N.D. Ohio Sept. 13, 2018) (extending deadline for Liquidation Trustee to file objections to claims for 3 months); *see also In re CH Liquidation Ass'n*, No. 16-51552 (AMK) (Bankr. N.D. Ohio Dec. 7. 2018) (granting further extension for 3 months).

22. The Liquidating Trustee, through counsel, has advised counsel for the United States Trustee's Office of the Liquidating Trustee's intention to seek an emergency bridge order approving the relief sought herein on an emergency basis. The counsel for the U.S. Trustee has not yet responded to the communications relating to the relief sought in this Motion.

23. This extension is not sought for the purposes of delay, but that justice be done.

24. For the reasons set forth herein, the Liquidating Trustee believes that an extension of the Claims Objection Bar Date, through and including February 13, 2024, is warranted and will not prejudice any claimants or interested parties.

## RESERVATION OF RIGHTS

25. The Liquidating Trustee expressly reserves his right to seek further extensions of the Claims Objection Bar Date, as necessary.

## NOTICE

26. The Liquidating Trustee has provided notice of this Motion to the entities on the Master Service List. The Liquidating Trustee respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Bar Date for such period until the Court can hold a hearing to consider whether the Claims Objection Bar Date should be continued through and including February 13, 2024, and such other and further relief as the Court deems just and equitable.

Dated: December 14, 2023
Cleveland, Ohio

                               */s/ Christopher B. Wick*
                               Christopher B. Wick (0073126)
                               **Hahn Loeser & Parks LLP**
                               200 Public Square, Suite 2800
                               Cleveland, Ohio 44114
                               Telephone: (216) 621-0150
                               Facsimile: (216) 241-2824
                               Email: cwick@hahnlaw.com

                               *Counsel to the Liquidating Trustee*

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 22-50804 |
| | ) | |
| VOLUNTEER ENERGY SERVICES, INC., | ) | Judge C. Kathryn Preston |
| | ) | |
| Debtor.[1] | ) | |
| | ) | |

**ORDER GRANTING EMERGENCY MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF A BRIDGE ORDER AND FINAL ORDER EXTENDING THE CLAIMS OBJECTION BAR DATE**

---

[1] The last four digits of the Debtor's federal tax identification are (2693). As of the Petition Date, the Debtor's corporate headquarters was located at 790 Windmiller Drive, Pickerington, Ohio 43147.

15212250.1

Upon consideration of *Emergency Motion of the Liquidating Trustee for Entry of a Bridge Order and Final Order Extending the Claims Objection Bar Date* [Docket No. 1009] (the "**Motion**")[2] John B. Pidcock, solely in his capacity as the liquidating trustee (the "**Liquidating Trustee**") of the above-captioned debtor, Voluntary Energy Services, Inc. ("**VESI**" or the "**Debtor**"), under the confirmed *Third Amended Chapter 11 Plan of Liquidation of Volunteer Energy Services, Inc.* [Doc. 655] (the "**Plan**"); and this Court having reviewed the Motion; and this Court finding good and sufficient cause for granting the relief as provided herein; and after proper notice and opportunity to respond to the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order 30-4* from the United States Bankruptcy Court for the Southern District of Ohio, dated February 24, 2021; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9006, the Claims Objection Bar Date is extended through and including February 13, 2024.

3. This Order shall be without prejudice to the rights of the Liquidating Trustee to seek further extensions of the Claims Objection Bar Date.

4. Any response to the Motion not otherwise withdrawn, resolved or adjourned is hereby overruled on its merits.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

15212250.1

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

IT IS SO ORDERED.

APPROVED AND SUBMITTED BY:

*/s/ Christopher B. Wick*
Christopher B. Wick (0073126)
**Hahn Loeser & Parks LLP**
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824
Email: cwick@hahnlaw.com

*Counsel to the Liquidating Trustee*

Copies to: Default List

15212250.1