**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| **In re:** <br><br> **VOLUNTEER ENERGY SERVICES, INC.,** <br><br> Debtor. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 22-50804 <br> ) <br> ) Judge Nami-Khorrami <br> ) |
| **THE VOLUNTEER ENERGY LIQUIDATING TRUST, THROUGH JOHN B. PIDCOCK, AS LIQUIDATING TRUSTEE OF VOLUNTEER ENERGY LIQUIDATING TRUST,** <br><br> Plaintiff, <br><br> v. <br><br> **PREVOST CAR (US) INC.** <br> 8003 Piedmont Triad Parkway <br> Greensboro, NC  27409 <br><br> <u>Serve Also:</u> <br> Prevost Car (US) Inc. <br> c/o CT Corporation System, Registered Agent <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH 43219 <br><br> Defendant. | ) <br> ) <br> ) <br> ) Adv. Proc. No. 2:24-ap-_____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**LIQUIDATING TRUST'S COMPLAINT FOR COLLECTION AND TURNOVER OF
PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542
AND RELATED RELIEF**

The Volunteer Energy Liquidating Trust (the "**Volunteer Energy Liquidating Trust**" or the "**Plaintiff**"), through its trustee John B. Pidcock, ("**Liquidating Trustee**"), the successor in interest to Volunteer Energy Services, Inc. (the "**Debtor**" or "**VESI**"), files this *Complaint for*

1

15442738.1

*Collection and Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542 and Related Relief*

(the "**Complaint**") against Prevost Car (US) Inc. ("**Prevost**" or the "**Defendant**") and respectfully allege as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 541, and 542 and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as well as other related sections of Title 11 of the United States Code (the "**Bankruptcy Code**") and the Rules.

2. This matter is a core proceeding. The Volunteer Energy Liquidating Trustee consents to the Bankruptcy Court's entry of final orders and judgments in this case.

3. Plaintiff also seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any prepetition claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant ("**Defendant's Claim**"). Plaintiff does not waive and hereby reserves all its right to object to any such claim(s) for any reason, including, but not limited to, any reasons set forth in section 502 of the Bankruptcy Code.

## PARTIES

4. The Plaintiff is the duly appointed liquidating trust with the authority and right under sections 108, 323, 502, 541, 542, 547, 548 and 550 of the Bankruptcy Code to enforce and prosecute the causes of action asserted in this Complaint.

5. Defendant Prevost Car (US) Inc. is a corporation incorporated under the laws of the State of Delaware, and its registered agent for service of process in the State of Ohio is c/o CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 and which may be served with process pursuant to Fed. R. Bankr. 7004(b) by mailing a copy of this Complaint

15442738.1

and Summons to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

6. Prevost manufactures, assembles, and repairs premier luxury passenger coaches, motorhomes, and specialty conversion vehicles. On information and belief, Prevost supplied parts and/or repaired a motorhome owned by VESI's sole shareholder, Richard A. Curnutte, Sr. ("**Mr. Curnutte**") and not owned by VESI.

7. Debtor scheduled an unliquidated general unsecured claim identified as Scheduled Claim Number 808375160 on behalf of Prevost in the amount of $0.00 (the "**Scheduled Claim**").

## BASIS FOR RELIEF REQUESTED

8. This adversary proceeding is initiated pursuant to Bankruptcy Rules 3007, 7001(a) and sections 502, 542, 548, 550 and 551 of the Bankruptcy Code.

9. On March 25, 2022 (the "**Petition Date**"), VESI commenced its chapter 11 bankruptcy case by filing a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio (the "**Bankruptcy Court**").

10. On July 27, 2023, the Court entered an order [Docket No. 891] (the "**Confirmation Order**") confirming the *Third Amended Chapter 11 Plan of Liquidation of Volunteer Energy Services, Inc.* [Docket No. 655] (as amended, modified, or supplemented, the "**VESI Plan**").

11. The Effective Date of the VESI Plan occurred on August 17, 2023 [Docket No. 916].

12. As of the Effective Date and pursuant to the Confirmation Order, the VESI Plan and that certain *Liquidating Trust Agreement* (the "**Trust Agreement**"): (i) VESI's Assets were transferred to the Volunteer Energy Liquidating Trust, which was empowered, among other things, to collect and administer VESI's Assets (including Causes of Action (as defined therein)) and

resolve Claims against VESI and its estate and (ii) John B. Pidcock was appointed to act as Liquidating Trustee.

13. This Cause of Action is an Asset of the Volunteer Energy Liquidating Trust.

14. Prior to the Petition Date, on information and belief, VESI paid Prevost not less than $29,707.09 for repairs made to coach motorhome owned by Mr. Curnutte and not owned by VESI in the two years prior to the Petition Date (collectively, the "**Transfers**").

15. VESI did not receive any reasonably equivalent value for the Transfers.

16. As a result of these fraudulent payments, a debt is owed by Defendant to the Liquidating Trustee on behalf of VESI's bankruptcy estate. The debt owed is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

17. Demand has been made for payment in full of the indebtedness plus all interest, costs, and expenses.

18. Plaintiff asserts that all unpaid amounts, including interest and principal balance be immediately due and payable. Interest, fees, and expenses continue to accrue.

19. Plaintiff has been damaged as a direct and proximate consequence of the Defendant's failure to pay the debt owed to the bankruptcy estate.

## FIRST CLAIM FOR RELIEF
(Collection and Turnover of Property of the Estate: 11 U.S.C. § 542)

20. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

21. The indebtedness due and owing by the fraudulent transfer by VESI to the Defendant. The indebtedness continues to increase through interest, costs, and attorneys' fees.

22. Plaintiff has been damaged as a direct and proximate consequence of the Defendant's failure to return the funds to the bankruptcy estate.

23. Accordingly, the Liquidating Trust is entitled to recover from the Defendant not less than $29,707.09, along with expenses, costs, and pre-judgment and post-judgment interest until satisfied pursuant top 11 U.S.C. § 542.

### **SECOND CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Transfers)**

24. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

25. Pursuant to section 548(a)(1)(A) of the Bankruptcy Code, the Liquidating Trustee may avoid any transfer of VESI property made within two years of the Petition Date if the transfer was made with the actual intent to hinder, delay or defraud any creditor or with which the debtor did not receive a reasonably equivalent value in exchange for the transfer or obligation.

26. Similarly, pursuant to the Ohio's Uniform Fraudulent Transfer Act, under O.R.C. 1336.04(A) creates rights to set aside fraudulent transfers by debtors. O.R.C. 1336.04(A). Pursuant to 11 U.S.C. § 544, the Plaintiff has the right and power of a creditor to avoid fraudulent transfers under applicable law.

27. Defendant was the recipient and/or beneficiary of fraudulent Transfers from VESI at least in the amount of $29,707.09. These transfers were made by VESI with the actual intent to hinder, delay, or defraud creditors.

28. A number of badges of fraud also surround these transfers. First, as noted, VESI was insolvent at the time of the transfers. Second, VESI did not receive any reasonably equivalent value in exchange for making the Transfers. Third, these Transfers remained concealed until the filing of the Bankruptcy Case. But for the bankruptcy filing, these Transfers would not have been disclosed. Fourth, VESI continued to incur substantial debts beyond its ability to pay.

29. Certain of these transfers were made within two years of the Petition Date.

30. On information and belief, there may have been additional payments made by VESI to the Defendant in the period four years prior to the Petition Date, which may be avoidable under the Ohio Uniform Fraudulent Transfer Act, O.R.C. § 1336.04(A).

31. The Plaintiff may avoid these transfers within two years of the Petition Date pursuant to 11 U.S.C. §548(a)(1)(A).

32. The Plaintiff may avoid these transfers pursuant to O.R.C. § 1336.04(A) and 11 U.S.C. § 544, within four years after the transfer was made or, if later, within one year after the transfer was or reasonably could have been discovered. The Plaintiff was appointed effective as of August 17, 2023, and thus could not reasonably have discovered the fraudulent transfers before that date. This suit is brought within one year of the date of the Plaintiff's appointment.

33. VESI was insolvent during the two-year period prior before the Petition Date (the "**Preference Period**").

34. The Plaintiff may recover the value of these transfers for the benefit of the Liquidating Trust pursuant to 11 U.S.C. § 550(a)(1).

## THIRD CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Transfers)**

35. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

36. Section 548(a)(1)(B) of the Bankruptcy Code provides that the Plaintiff may avoid any transfer of VESI made within two years of the Petition Date, if the company received less than reasonably equivalent value for the transfer, and, on the date of the transfer, VESI was either (a) insolvent; (b) was engaged in a business or transaction for which any property remaining with the company was an unreasonably small capital; or (c) intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

37. Likewise the Ohio Uniform Fraudulent Transfer Act provides that a creditor may avoid a transfer of company assets, if the company received less than reasonably equivalent value for the transfer, and, on the date of the transfer, the company either (a) was insolvent; (b) was engaged or was about to engage in a business or transaction for which any property or capital remaining with the company was unreasonably small; or (c) intended to incur, or believed or reasonably should have believed that it was incur, debts beyond its ability to pay as such debts came due. O.R.C. 1336.04(A)(2). Pursuant to 11 U.S.C. § 544, Plaintiff has the powers of a creditor to avoid fraudulent transfers under applicable law.

38. VESI did not receive reasonably equivalent value for the Transfers.

39. VESI had unpaid creditors at the times it made these fraudulent Transfers.

40. VESI made these Transfers while it was insolvent, while it was engagement in a business or transaction for which any property remaining with VESI was an unreasonably small capital, and at time when VESI knew it was incurring debts beyond the company's ability to pay as such debts matured.

41. Certain of the Transfers were made within two years of the Petition Date.

42. The Plaintiff may avoid the transfers made within two years of the Petition Date as constructive fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and recover the value of those transfers from Defendant for the benefit of the Liquidating Trust pursuant to 11 U.S.C. § 550(a)(1).

43. For reasons stated herein, the Plaintiff may avoid all of the transfers as constructive fraudulent transfers as constructive fraudulent transfers pursuant to the Ohio Uniform Fraudulent Transfer Act and 11 U.S.C. § 544 and recover the value of those transfers from Defendant for the benefit of the Trust pursuant to 11 U.S.C. §550(a)(1).

15442738.1

## FOURTH CLAIM FOR RELIEF
### (Conversion)

44. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

45. Defendant misappropriated assets of VESI for its own benefit, without justification or consent. Defendant's misappropriations constitute conversion under applicable law.

46. As a proximate result of Defendant's acts of conversion, Plaintiff suffered damages in an amount not less than $29,707.09. The Plaintiff is entitled to recover those damages on behalf of the Liquidating Trust.

## FIFTH CLAIM FOR RELIEF
### (Objection to Defendant's Claim – Disallowance under 11 U.S.C. § 502(d) & (j))

47. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

48. Defendant is the beneficiary of transfers avoidable under sections 544 and 548, which property is recoverable under section 550 of the Bankruptcy Code.

49. Defendant has not paid the amount of the avoidable Transfers, or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

50. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignees against the Debtor or Plaintiff (including but not limited to the Scheduled Claim and any other Claims scheduled by the Debtor for Defendant) must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the transfers, plus interest thereon and costs.

51. Pursuant to section 502(j) of the Bankruptcy Code, all Claims of Defendant and/or its assignees against the Debtor previously allowed by the Debtor (if any) or by Plaintiff, must be

reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the transfers.

52. The Plaintiff reserves all rights to further object to Defendant's Claims on any and all additional grounds.

### SIXTH CAUSE OF ACTION - ACCOUNTING

53. The Plaintiff repeats and incorporates all preceding paragraphs as if fully re-alleged herein.

54. As set forth above, the assets of VESI have been wrongfully diverted as a result of fraudulent conveyances, fraudulent transfers, and other wrongdoing of Richard A. Curnutte Sr. for his own individual interest and enrichment.

55. The Plaintiff has no adequate remedy at law.

56. To compensate VESI for the amount of monies Richard A. Curnutte Sr. diverted from VESI for his own benefit, it is necessary for the Defendant to provide an accounting of any transfer of funds, assets, or property received from VESI, as well as to any profits in the past in connection with VESI. Complete information regarding the amount of such transfers misused by the Defendant for its own benefit is within their possession, custody, and control.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. On Plaintiff's First, Second, Third, and Fourth Claims for Relief, judgment in favor of Plaintiff and against Defendant avoiding all of the transfers and directing Defendant to return to Plaintiff the amount of the transfers, pursuant to sections 544(b), 548, and 550(a) of the Bankruptcy Code as well as under the Ohio Uniform Fraudulent Transfer Act, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including without limitation, attorneys' fees;

b.  On Plaintiff's Fifth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any Claims held or filed by Defendant against the Debtor or Plaintiff (including but not limited to the Proof of Claim, the Scheduled Claim, and any other Claim scheduled by the Debtor for Defendant) until Defendant returns the Transfers to Plaintiff pursuant to section 502(d) and (j) of the Bankruptcy Code; and

c.  An accounting for all property diverted from VESI; and

d.  For such other and further relief as the Court may deem just and proper.

Dated: March 23, 2024            Respectfully submitted,

*/s/ Christopher B. Wick*
Christopher B. Wick (0073126)
Daniel A. DeMarco (0038920)
**HAHN LOESER & PARKS LLP**
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Email: cwick@hahnlaw.com
      dademarco@hahnlaw.com

Christopher S. Baxter (0088640)
**HAHN LOESER & PARKS LLP**
65 E. State Street, Suite 2500
Columbus, Ohio 43215
Phone: (614) 233-5119
Fax: (614) 221-5909
cbaxter@hahnlaw.com

*Counsel to Plaintiff Volunteer Energy Liquidating Trust*