**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 11** |
| **VOLUNTEER ENERGY SERVICES,** ) | |
| **INC.,** ) | **Case No. 22-50804** |
| ) | |
| **Debtor.** ) | **Judge Nami-Khorrami** |
| ) | |
| **THE VOLUNTEER ENERGY** ) | |
| **LIQUIDATING TRUST, THROUGH** ) | |
| **JOHN B. PIDCOCK, AS LIQUIDATING** ) | **Adv. Proc. No. 2:24-ap-_____** |
| **TRUSTEE OF VOLUNTEER ENERGY** ) | |
| **LIQUIDATING TRUST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AMERICAN EXPRESS COMPANY d/b/a** ) | |
| **AMERICAN EXPRESS** ) | |
| **c/o CT Corporation, Registered Agent** ) | |
| **4400 Easton Commons Way, Suite 125** ) | |
| **Columbus, OH 43219;** ) | |
| ) | |
| **AMERICAN EXPRESS TRAVEL** ) | |
| **RELATED SERVICES COMPANY, INC.,** ) | |
| **d/b/a AMERICAN EXPRESS** ) | |
| **c/o CT Corporation, Registered Agent** ) | |
| **4400 Easton Commons Way, Suite 125** ) | |
| **Columbus, OH 43219;** ) | |
| ) | |
| **and,** ) | |
| ) | |
| **AMEX TRS CO., INC., d/b/a/** ) | |
| **AMERICAN EXPRESS** ) | |
| **c/o Becket and Lee LLP** ) | |
| **P.O. Box 3001** ) | |
| **Malvern, PA 19355-0701** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

1

15438401.1

**LIQUIDATING TRUST'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIMS**

The Volunteer Energy Liquidating Trust (the "**Volunteer Energy Liquidating Trust**" or the "**Plaintiff**"), through its trustee John B. Pidcock, ("**Trustee**"), the successor in interest to Volunteer Energy Services, Inc. (the "**Debtor**" or "**VESI**"), files this *Complaint for Avoidance and Recovery of Preferential Transfers and Objection to Claims* (the "**Complaint**") against American Express Company d/b/a American Express, American Express Travel Related Services Company, Inc. d/b/a/American Express, and AMEX Trs Co. Inc. d/b/a/ American Express (together, the "**Defendants**") and respectfully allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against Defendants to avoid and recover certain preferential transfers that occurred during the ninety (90) day period (the "**Preference Period**") prior to the commencement of this Bankruptcy Case (defined herein).  Specifically, Plaintiff seeks entry of a judgment against Defendants: (i) avoiding transfers pursuant to section 547 of title 11 of the United States Code (the "**Bankruptcy Code**");  and (ii) directing Defendants to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to section 550 of the Bankruptcy Code; and (iii) disallowing any claims of the Defendants against the bankruptcy estate unless and until Defendants pay the value of or return the avoidable transfers to the Trustee pursuant to 11 U.S.C. § 502(d).

**PARTIES**

2.      The Plaintiff is the duly appointed liquidating trust with the authority and right under sections 108, 323, 502, 541, 542, 547, and 550 of the Bankruptcy Code to enforce and prosecute the causes of action asserted in this Complaint.

3. Defendant American Express Company d/b/a American Express is a corporation incorporated under the laws of the State of New York, and its registered agent for service of process in Ohio is CT Corp., 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

4. Defendant American Express Travel Related Service Company, Inc. d/b/a American Express is a corporation incorporated under the laws of the State of New York, and its registered agent for service of process in the State of Ohio is CT Corp., 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

5. Defendant AMEX TRS Co. Inc. d/b/a American Express filed Claim No. 13 (the "**Claim**") in the Bankruptcy Case.

## JURISDICTION AND VENUE

6. This Bankruptcy Court (the "**Court**") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and the *Amended General Order No. 05-02 (Amended Standing Order of Reference)* dated September 16, 2016 because this is a civil proceeding arising in or related to a case under Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In the alternative, the Court maintains related to jurisdiction over this Adversary Proceeding.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9. Plaintiff confirms its consent, pursuant to Bankruptcy Rule 7008 to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined

3

15438401.1

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10. The statutory predicates for the relief sought herein are sections 547 and 550 of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELEVANT FACTS

11. On March 25, 2022 (the "**Petition Date**"), VESI commenced its chapter 11 bankruptcy case (the "**Bankruptcy Case**") by filing a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio (the "**Bankruptcy Court**"). On July 27, 2023, the Court entered an order [Docket No. 891] (the "**Confirmation Order**") confirming the *Third Amended Chapter 11 Plan of Liquidation of Volunteer Energy Services, Inc.* [Docket No. 655] (as amended, modified, or supplemented, the "**VESI Plan**").

12. The Effective Date of the VESI Plan occurred on August 17, 2023 [Docket No. 916].

13. As of the Effective Date and pursuant to the Confirmation Order, the VESI Plan and that certain *Liquidating Trust Agreement* (the "**Trust Agreement**"): (i) VESI's Assets were transferred to the Volunteer Energy Liquidating Trust, which was empowered, among other things, to collect and administer VESI's Assets (including Causes of Action (as defined therein)) and resolve Claims against VESI and its estate and (ii) John B. Pidcock was appointed to act as Liquidating Trustee.

14. This Cause of Action is an Asset of the Volunteer Energy Liquidating Trust.

4

15438401.1

15. Prior to the Petition Date, VESI was a family-owned retail energy provider headquartered in Pickerington, Ohio. Since 2001, VESI supplied retail electricity and natural gas to its various commercial, industrial, and residential customers across Ohio, Michigan, Pennsylvania, and Kentucky. In conducting its business operations, the Debtor purchased, received, and/or provided good and services. In the course of providing retail energy, the Debtor also entered into numerous contractual arrangements and engaged various vendors.

16. Prior to the Petition Date, the Debtor and the Defendants engaged in one or more business transactions evidence by certain contracts, invoices, communications and/or other documentation.

17. During the Preference Period, the Debtor engaged in business operations and directed certain payments and transfers of an interest in the Debtor in property to the Debtor's vendors and other creditors, including the Defendants.

## PREFERENTIAL TRANSFERS

18. During the Preference Period, the Defendants received transfers of an interest of the Debtor in property in an amount of not less than $42,736.85. A list identifying each and every transfer during the Preference Period is attached hereto as **Exhibit A** and is incorporated herein by reference (collectively, the "**Preferential Transfers**" and each a "**Preferential Transfer**").

19. The Trustee sent a letter to "American Express" identifying the Preferential Transfers and inviting an exchange of information regarding any potential defenses that Defendants might assert with respect thereto (the "**Due Diligence Letter**"). To date, counsel to the Liquidating Trust has not received a response to the Due Diligence Letter.

20. Prior to filing this Complaint, and in addition to the foregoing efforts, the Trustee and his professionals performed a review of the Debtor's court filings and available business and

financial records, which included information concerning the Debtor's accounts payable, payment ledgers, transaction records, and other documents related to transfers during the Preference Period (collectively, the "**Business Records**"). This review included an analysis of certain Business Records available with respect to the Preferential Transfers.

21. In accordance with Bankruptcy Code Section 547(b), the Liquidating Trustee and his professionals have analyzed all readily available information and hereby seek to avoid all the Preferential Transfers as set forth herein. The Liquidating Trustee reasonably believes that all the Preferential Transfers are avoidable.

22. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period or otherwise that are avoidable under either the Bankruptcy Code or applicable federal and/or state law. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendants.

23. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Preferential Transfers; (ii) additional avoidable transfers, whether as preferences or based on other legal theories; (iii) modifications of and/or revision of the Defendants' names or identities; (iv) additional defendants; and/or (v) additional causes of action (collectively, the "**Amendments**"), that may become known to Plaintiff at any time during the pendency of this Adversary Proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

24. Based on information and belief, prior to the Petition Date, the Debtor and Defendants entered into an agreement whereby the Defendants would provide certain goods and/or

services to the Debtor, including without limitation, certain credit card merchant services (the "**Agreement**").

25. Based on information and belief, in connection with this Agreement and the goods and/or services provided by Defendants to the Debtor, the Defendants owe to the Debtor and now the Liquidating Trust the Preferential Transfers in the amount of $42,736.85.

26. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional funds or other amounts owing to the Debtor. It is Plaintiff's intention to recover all amounts owing by the Defendants to the Debtor, whether identified in this Complaint or hereafter discovered.

27. Plaintiff reserves the right to amend this Complaint to include any other Amendments, and specifically including any amendments to name any affiliate or affiliates of Defendants that are owing and obligated to pay other amounts to the Debtor, that become known to Plaintiff at any time during the pendency of this Adversary Proceeding, through formal discovery or otherwise, and for the Amendments, including the foregoing, to relate back to this Complaint.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

28. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

29. The Liquidating Trustee has undertaken reasonable due diligence given the circumstances of this case and taken into account the Defendants' known or reasonably known affirmative defenses.

15438401.1

30. The Preferential Transfers, as more particularly described in **Exhibit A**, attached hereto and incorporated herein by reference, were made during the Preference Period to or for the benefit of the Defendants in the aggregate amount of $42,736.85.

31. Each Preferential Transfer was a transfer of an interest of the Debtor in property.

32. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by the Debtor to Defendants before each respective Preferential Transfer was made.

33. At the time each Preferential Transfer was made to Defendants, Defendants were a creditor of the Debtor.

34. The Debtor was insolvent when each Preferential Transfer was made. Plaintiff is entitled to the presumption of insolvency for each Preferential Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code. Further, as evidenced by the Debtor's schedules and the Claim filed against the Debtor, the Debtor's liabilities exceeded its assets. It is anticipated that creditors will receive less than full value on account of their allowed claims against the Debtor.

35. Each Preferential Transfer was made within the ninety (90) days prior to the Petition Date.

36. Each Preferential Transfer enabled Defendants to receive more than Defendants would have received if (a) the case was a case under chapter 7 of the Bankruptcy Code; (b) the Preferential Transfers and/or payments had not been made; and (c) Defendants received payment of their debts to the extent provided by the Bankruptcy Code.

37. Each Preferential Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

38. The Plaintiff is entitled to an order and judgment under section 547 of the Bankruptcy Code avoiding each of the Preferential Transfers.

## SECOND CLAIM FOR RELIEF
### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)

39. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

40. The Plaintiff is entitled to avoid the Preferential Transfers described above and on **Exhibit A**, attached hereto and incorporated herein by reference herein, pursuant to section 547 of the Bankruptcy Code.

41. With respect to the Preferential Transfers avoided under section 547(b) of the Bankruptcy Code, the Trustee is entitled to recover the Preferential Transfers or the value of the Preferential Transfers pursuant to Bankruptcy Code Section 550.

42. Defendants were either (a) the initial transferee of the Preferential Transfers, (b) the entity for whose benefit the Preferential Transfers were made, or (c) an immediate or mediate transferee of the Preferential Transfers.

43. Plaintiff is entitled to an order and judgment under section 550 of the Bankruptcy Code in an amount to be determined at trial that is not less than the sum of the Preferential Transfers, or $42,736.85.

## THIRD CLAIM FOR RELIEF
### (Objection to Claims Pursuant to 11 U.S.C. § 502(d))

44. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though set forth fully herein.

45. As set forth in the First Claim for Relief, the Defendants were the transferee of the Preferential Transfers each of which are avoidable under section 547 of the Bankruptcy Code. As

further set forth in the Second Claim for Relief, the Plaintiff is entitled to recover the Preferential Transfers or the value of the Preferential Transfers pursuant to section 550 of the Bankruptcy Code.

46. Pursuant to Section 502(d) of the Bankruptcy Code, any claims of the Defendants, including, without limitation Proof of Claim No. 13, must be disallowed until such time as the Defendants have paid the amount of the Preferential Transfers, or turned over any such other property, for which the Defendants are liable to the Plaintiff under section 550 of the Bankruptcy Code.

47. The Court may determine Defendants' liability and require the Defendants to turn over to the Liquidating Trust the funds represented by Preferential Transfers in an amount of not less than $42,736.85.

## RESERVATION OF RIGHTS

48. Plaintiff reserves the right to bring all other claims or causes of action that it might have or could assert against Defendants, on any and all grounds, as allowed under the law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests and prays for judgment as follows:

a. On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendants avoiding all of the Preferential Transfers and directing Defendants to return to Plaintiff the amount of the Transfers, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including without limitation, attorneys' fees;

15438401.1

b.　On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendants disallowing any Claims held or filed by Defendants against the Debtor or Plaintiff (including but not limited to the Proof of Claim, the Scheduled Claim, and any other Claim scheduled by the Debtor for Defendant) until Defendants return the Preferential Transfers to Plaintiff pursuant to section 502(d) and (j) of the Bankruptcy Code; and

c.　For such other and further relief as the Court may deem just and proper.

Dated: March 23, 2024　　　　　　　　　　　Respectfully submitted,

*/s/ Christopher B. Wick*
Christopher B. Wick (0073126)
Daniel A. DeMarco (0038920)
**HAHN LOESER & PARKS LLP**
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Email: cwick@hahnlaw.com
　　　　dademarco@hahnlaw.com

Christopher S. Baxter (0088640)
**HAHN LOESER & PARKS LLP**
65 E. State Street, Suite 2500
Columbus, Ohio 43215
Phone: (614) 233-5119
Fax: (614) 221-5909
cbaxter@hahnlaw.com


*Counsel to Plaintiff Volunteer Energy Liquidating Trust*

15438401.1

**Volunteer Energy Services, INC.**
*Petition Date: March 25, 2022*
*Case # 22-50804*
*Payments - American Express*

*Lookback Period: December 25, 2021 through March 25, 2022*

| Transferee Name | Transaction Type | Transaction # | Amount | Date | Clear Date |
|---|---|---|---|---|---|
| American Express | Check | 51311 | 8,190.72 | 12/29/2021 | 1/4/2022 |
| American Express | Check | 51339 | 8,286.48 | 01/04/2022 | 1/12/2022 |
| American Express | Check | 51392 | 8,190.72 | 01/24/2022 | 2/4/2022 |
| American Express | Check | 51586 | 5,124.55 | 02/15/2022 | 2/22/2022 |
| American Express | Check | 51633 | 12,944.38 | 03/01/2022 | 3/7/2022 |
| | | **Total** | **$ 42,736.85** | | |